Joseph Louis BUSH, Appellant,

v.

The STATE of Texas, Appellee.

No. 56393.

Court of Criminal Appeals of Texas.

Nov. 2, 1977.

Appellant's Motion for Rehearing Denied Nov. 30, 1977.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment was assessed at imprisonment for ten (10) years.

On January 23, 1976, a Harris County grand jury indicted appellant for the offense of aggravated robbery. On February 18, 1976, appellant filed an affidavit of indigency, requesting that counsel be appointed to represent him at trial. On the same date, the trial court entered an order appointing attorney Charles T. Newlin to represent appellant at trial. On June 2, 1976, a jury convicted appellant and assessed his punishment at imprisonment for ten (10) years. On December 22, 1976, appellant was sentenced and gave notice of appeal. On the same date, appellant executed another affidavit of indigency, requesting that he be provided with a free transcription of the court reporter's notes. The record does not show what action, if any, the trial court took upon appellant's request. The record does reflect that attorney Newlin was to remain counsel on appeal.[1]

The record reflects that appellant was represented by court-appointed counsel at trial; and, absent a showing to the contrary, it must be presumed that appellant is indigent for the purposes of appeal. *Foley v. State*, 514 S.W.2d 449 (Tex.Cr.App.1974). Yet, the record is before us without a transcription of the court reporter's notes. No brief was filed in the trial court in appellant's behalf pursuant to Art. 40.09(9), Vernon's Ann.C.C.P., and none has been filed here. Consequently, we set aside the trial court's order approving the record, abate the appeal, and remand the cause to the trial court for further proceedings consistent with this opinion.

Upon receipt of our mandate of abatement, the trial court shall provide appellant with an adequate record on appeal, *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Lane v. Brown*, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); *Eskridge v. Washington*, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958); *Draper v. Washington*, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963); *Williams v. Oklahoma City*, 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440 (1969); *Mayer v. Chicago*, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971); *Curry v. State*, 488 S.W.2d 100 (Tex.Cr.App.1972); *Ex parte Mays*, 510 S.W.2d 606 (Tex.Cr. App.1974); *Cartwright v. State*, 527 S.W.2d 535 (Tex.Cr.App.1975); *Guillory v. State*, 557 S.W.2d 118 (Tex.Cr.App., decided October 26, 1977), and the effective assistance of counsel on appeal. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Lopez v. State*, 486 S.W.2d 559 (Tex.Cr.App.1972); *Currie v. State*, 516 S.W.2d 684 (Tex.Cr. App.1974); *Hawkins v. State*, 515 S.W.2d 275 (Tex.Cr.App.1974); *McMahon v. State*, 529 S.W.2d 771 (Tex.Cr.App.1975); *Guillory v. State*, supra; *Yates v. State*, 557 S.W.2d 115 (Tex.Cr.App., decided October 26, 1977).

We set aside the trial judge's order of July 1, 1977, which approved the record in the instant cause, and remand the case to the trial court for further proceedings. Upon the filing of the transcription of the court reporter's notes with the clerk of the trial court, notice of completion of the record shall again be given to the parties pursuant to Art. 40.09(7), Vernon's Ann.C.C.P.

---

1. Since Attorney Newlin represents appellant for the purposes of appeal, he should carry out his obligation in seeing that the record is prepared and a brief is filed in the trial court on appellant's behalf. See the judgment entered on September 23, 1977, in *In Re Van Orden*, ancillary to *Ex parte Barnett*, No. 55,118.

Further proceedings shall then be had in the trial court under the appropriate subdivisions of Art. 40.09, Vernon's Ann.C.C.P.

The appeal is abated.