Douglas B. MOREY, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–87–00030–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 13, 1988.

Joe Mike Egan, Jr., Kerrville, for appellant.

Matthews W. Paul and Robert A. Denson, Asst. Co. Attys., Kerrville, for appellee.

Before ESQUIVEL, REEVES and DIAL, JJ.

## OPINION

REEVES, Justice.

The appellant was convicted of driving while his drivers license was suspended. He pleaded guilty after his motion to quash the information was overruled. He contends the trial court erred in (1) not granting his motion to quash, and (2) denying him indigency status on appeal. We agree. We reverse his conviction and order the trial court to reconvene the hearing it held on the appellant's status as an indigent.

## INDIGENCY STATUS

The trial court found appellant was indigent and appointed the appellant's attorney to represent him in the trial court. The appellant pleaded guilty and gave notice of appeal. A hearing on his indigency status was held. At the hearing, the appellant testified that his worldly goods consisted of some tools, a pair of skis he valued at $200.00, and a 1968 Chevy truck with a blown-out motor, title to which was held in his father's name. Except for one job for which he made $40.00, the appellant testified that he had been unable to work for over six months due to various physical disabilities. The appellant also testified to having debts in excess of $15,000, and that he wanted to appeal his case but lacked the financial ability to do so.

On cross-examination, the appellant admitted that he testified in a prior trial to being the owner of a small business but stated he lost it as a result of being injured and unable to work. The appellant was then asked a series of questions dealing with his ability to handle a chain saw well enough to cut down a tree.[1] At this point, the appellant invoked his right to remain silent. His attorney advised him to not answer if he believed that by doing so he would implicate himself in an offense.

The trial court then advised the appellant that if he refused to answer the question, the court was going to "deny the motion, outright." The appellant continued in his refusal, and the trial judge, true to his word, abruptly ended the hearing and denied the appellant's motion for a court-appointed attorney for this appeal.

The appellant's mother paid to have the appellate record created. His trial attorney briefed his case on the expectation that the trial court would be found by this court to have erred in denying the appellant's indigency status.

Indigents are denied equal protection of law if their one appeal of right is prosecuted without the benefit of legal counsel. *Douglas v. California*, 372 U.S. 353, 355, 83 S.Ct. 814, 815, 9 L.Ed.2d 811 (1963). They are also entitled to free appellate records. *See Griffin v. Illinois*, 351 U.S. 12, 19, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). Where an appellant was represented at trial by court-appointed counsel, it is presumed, absent a contrary showing, that the appellant is indigent for the purposes of appeal. *Bush v. State*, 557 S.W.2d 772, 773 (Tex.Crim.App.1977).

An appellant need not be a pauper or completely destitute to be entitled to appointed counsel; he or she only need show the lack of the financial resources which would allow the retention of a competent criminal lawyer at the particular time one is needed. *Anaya v. Butler*, 427 F.2d 73, 75 (10th Cir.1970). *See Castillo v. State*, 595 S.W.2d 552, 554 (Tex.Crim.App. 1980) (court-appointed attorney required for appellant who had $200.00 per month job); *Ex parte King*, 550 S.W.2d 691, 694 (Tex.Crim.App.1977) (appellant who could do seasonal farm work at $70.00 per week was entitled to appointed attorney).

Parents are not legally bound to pay for the appeal expenses of their children, and they may not be required to do so. *See Ex parte Combs*, 545 S.W.2d 171, 174 (Tex.Crim.App.1977). Appellants may not be required to earn or save sufficient funds to prosecute an appeal, and an appellant's future earning power may not be considered. *March v. Municipal Court*, 7 Cal. 3d 422, 102 Cal.Rptr. 597, 498 P.2d 437, 441–42 (1972).

1. Evidently, the appellant was suspected of having cut down a tree on a highway right of way.

We have not been able to find any authority to support the State's argument that an indigent appellant may be denied counsel if the reason he is indigent is that he is too lazy to work. People are not entitled to counsel because they merit appointed counsel; they are entitled to such because the Constitution mandates it.

The State indicates in its brief that the appellant has since been indicted for perjuring himself in the indigency hearing. An indictment is not proof that a person committed an offense. It is, therefore, irrelevant to our inquiry.

The trial court erred in terminating the indigency hearing due to the appellant's refusal to answer the question. The trial court is ordered to reconvene the indigency hearing, and, if it finds that the appellant was indigent at the time of the original hearing, award the appellant's attorney a reasonable fee for his legal services for this appeal. We see no merit in abating this appeal subject to the trial court's final determination.

### MOTION TO QUASH

The record shows that the complaint used to initiate the appellant's prosecution was prepared by a secretary in the Kerr County Attorney's office. The secretary signed the complaint as its affiant but did not do so in the presence of anyone who could have administered an oath to her. Several days later, after the secretary had prepared several other complaints, she left them in the office of an assistant county attorney. He was not in his office when the complaints were left, and he did not review them until a day later. After reviewing the complaints, he signed them outside the secretary's presence and initiated the appellant's prosecution. Months earlier, the secretary had been told by the County Attorney that when she signed complaints she should consider herself as having been placed under oath.

The complaint in question begins: "IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS: BEFORE ME, the undersigned authority, this day personally appeared the undersigned affiant, who upon affiant's oath says that affiant has good reason to believe ..." It ends: "SWORN to and subscribed before me, this 5th day of December 1985" and was signed by the assistant county attorney.

The appellant moved to quash the information because the complaint had not been sworn to as required by TEX.CODE CRIM. PROC.ANN. art. 21.22 (Vernon 1966). Article 21.22 states that "no information shall be presented until affidavit has been made by some credible person charging the defendant with an offense." The trial court overruled the motion.

A complaint that has not been sworn to by a complainant is of no effect and will not support a prosecution based on an information. *Colbert v. State*, 166 Tex. Crim.R. 431, 314 S.W.2d 602, 603 (App. 1958). For an affidavit to be made, the affiant must make a conscious and unequivocal act, in the presence of an officer authorized to administer an oath, that causes him or her to assume the obligations of an oath. *See Vaughn v. State*, 146 Tex.Crim.R. 586, 177 S.W.2d 59, 60 (App.1943).

The State argues that though it made misrepresentations on the complaint's face, it should not be punished because the misrepresentations have no import. A prosecution by an information cannot be maintained in the absence of a written complaint duly verified. *Thomas v. State*, 107 Tex.Crim.R. 593, 298 S.W. 590 (App.1927). A complaint, reduced to writing and verified by an affidavit before an officer authorized to administer oaths, is an essential prerequisite to a prosecution by an information. *Murphy v. State*, 132 Tex. Crim.R. 202, 103 S.W.2d 765, 766 (Tex. Crim.App.1937). If one was not sworn to before an official or a person in authority, it is not valid. *Purcell v. State*, 317 S.W.2d 208 (Tex.Crim.App.1958).

Since the requirements of 21.22 may not be met by swearing to a complaint after an information has been presented, *see Marlar v. State*, 364 S.W.2d 384 (Tex. Crim.App.1963), we do not see how they

can be met by the procedure that was followed here. The misrepresentations on the complaint's face and the fact that it was not properly sworn to make it unable to support a prosecution by an information. The appellant's point of error is sustained.

The conviction is reversed and the case remanded to the trial court for a hearing on appellant's indigency status. After the trial court has completed the hearing, it is instructed to dismiss the information that was the basis of the appellant's conviction.