**Howard Bauder KAHMANN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 3–92–406–CR.

Court of Appeals of Texas, Austin.

April 6, 1994.

786

Lad Slavik, Austin, for appellant.

Ken Anderson, Dist. Atty., John M. Bradley, Asst. Dist. Atty., Georgetown, for appellee.

Before JONES, SMITH and ONION,* JJ.

ONION, Justice (Retired).

This appeal arises out of a conviction for engaging in organized criminal activity. After the jury found appellant guilty, it assessed his punishment at twenty-five years' imprisonment and a fine of $10,000.

A sole point of error is advanced. Appellant contends that the "trial court's findings that a material change of circumstances has occurred since appellant's determination of indigency and that appellant is no longer indigent are not supported by the record." The thrust of appellant's contention is that the trial court found that he was not indigent at the time of appeal and deprived him of a free statement of facts for the purpose of appeal from his conviction.

---

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003(b) (West 1988).

■ Criminal defendants do not have a constitutional due process right to appeal. *Griffin v. Illinois,* 351 U.S. 12, 20, 76 S.Ct. 585, 591, 100 L.Ed. 891 (1956); *Rosales v. State,* 748 S.W.2d 451, 454 (Tex.Crim.App. 1987), *cert. denied,* 487 U.S. 1241, 108 S.Ct. 2917, 101 L.Ed.2d 949 (1988). The right to appeal in Texas is purely statutory. *Rosales,* 748 S.W.2d at 454; *Galitz v. State,* 617 S.W.2d 949, 951 (Tex.Crim.App.1981). Since an appellate review of criminal convictions is provided in this state, a Texas trial judge has a duty under the federal and state constitutions to provide an indigent defendant with an adequate record on appeal. *Abdnor v. State,* 712 S.W.2d 136, 139 (Tex.Crim.App. 1986).

The procedure by which an indigent defendant can obtain a record is set out in Rule 53(j)(2):

> Within the time prescribed for perfecting the appeal an appellant unable to pay for the statement of facts may, by motion and affidavit, move the trial court to have the statement of facts furnished without charge. After hearing the motion, if the court finds the appellant is unable to pay for or give security for the statement of facts, the court shall order the reporter to furnish the statement of facts, and when the court certifies that the statement of facts has been furnished to the appellant, the court reporter shall be paid from the general funds of the county, by the county in which the offense was committed the sum set by the trial judge.

Tex.R.App.P. 53(j)(2).

■ A defendant who claims indigency and requests a statement of facts without charge must exercise due diligence in asserting his indigency, including the timely filing of his affidavit. *Snoke v. State,* 780 S.W.2d 210, 212–13 (Tex.Crim.App.1989); *Abdnor,* 712 S.W.2d at 140; *Skidmore v. State,* 808 S.W.2d 708, 710 (Tex.App.—Texarkana 1991, no pet.). Additionally, he must sustain the allegations of his affidavit as to indigency at the hearing provided by Rule 53(j)(2). *Abdnor,* 712 S.W.2d at 141; *Skidmore,* 808

S.W.2d at 710. While a pauper's affidavit was at one time sufficient to trigger a free statement of facts, this is no longer the case. *Rosales,* 748 S.W.2d at 455; *Tafarroji v. State,* 818 S.W.2d 921, 923 (Tex.App.—Houston [14th Dist.] 1991, no pet.). By virtue of Rule 53(j)(2), the burden of filing an affidavit of indigency *and* sustaining the allegations of his affidavit at the subsequent hearing is upon appellant. *Rosales,* 748 S.W.2d at 453; *Tafarroji,* 818 S.W.2d at 923; *Skidmore,* 808 S.W.2d at 710. Thus, the determination of indigency is vested in the sound discretion of the trial court rather than providing an absolute right to a free statement of facts. *Rosales,* 748 S.W.2d at 455; *Tafarroji,* 818 S.W.2d at 923. This determination is to be made *at the time of appeal* and not at the time of trial. *Abdnor,* 712 S.W.2d at 142; *Barber v. State,* 542 S.W.2d 412, 413 (Tex. Crim.App.1976); *Skidmore,* 808 S.W.2d at 710. There are no rigid standards to guide the trial court in its determination of indigency. *Snoke,* 780 S.W.2d at 212; *Cardona v. Marshall,* 635 S.W.2d 741, 742 (Tex.Crim. App.1982). Each case must be decided on its own merits or on a case-by-case basis. *Abdnor,* 712 S.W.2d at 141; *Skidmore,* 808 S.W.2d at 710.

■ At the indigency hearing provided by Rule 53(j)(2), the defendant bears the initial burden to go forward with evidence to substantiate his sworn allegation of indigency. Once he has met this burden of production, the onus shifts to the State to persuade the trial court, as the fact finder, that the defendant is not indigent. *Snoke,* 780 S.W.2d at 213. Once the defendant has made a prima facie showing of indigency, he is entitled to a free statement of facts unless evidence is offered to refute his claim. *Id.*

With this background, we turn to the facts in the instant case. It appears that at trial, appellant was represented by court-appointed counsel. Just when and how appellant's indigency was determined for the purpose of the appointment of trial counsel is not shown by this record.[1] The record does not reflect an affidavit of indigency or a hearing on the

---

1. The Clerk's transcript reflects a court order allowing the first appointed counsel to withdraw and the appointment of the second appointed counsel prior to trial. The second appointed counsel still represents appellant.

matter. *See* TEX.CODE CRIM.PROC.ANN. art. 26.04 (West 1989).

On June 9, 1992, after his conviction, appellant filed a motion and an affidavit of indigency for the purposes of appeal requesting, inter alia, a free statement of facts. *See* Tex.R.App.P. 53(j)(2). On the same date, the trial court commenced a hearing on the motion. The affidavit was filed as a pleading, but it was not offered into evidence at the hearing. The trial court agreed to take judicial notice of "what had occurred in the case" except the question of indigency of the appellant at the time of the hearing and for the purpose of appeal. The trial court agreed to listen to evidence presented on that question. After some convoluted colloquy at the bench, appellant was sworn and simply testified that he did not have the means to pay for a statement of facts or to employ counsel on appeal. On cross-examination appellant attempted to invoke his privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Appellant refused to answer the prosecutor's questions about the status of his personal property, a pension fund (mentioned at trial), or his financial background. The State observed that appellant had waived his right to self-incrimination by taking the witness stand, that his testimony was for the limited purposes of the hearing, and that he was required to answer questions on cross-examination. The State then asked that appellant's testimony on direct examination be stricken. No ruling was obtained. The trial court recessed the hearing.

On June 18, 1991, the hearing was resumed. The trial court granted appellant's own motion to strike appellant's testimony given on June 9, 1991, regarding his inability to pay for the statement of facts or to employ counsel. The State then called appellant to testify for the purpose of the indigency hearing. Appellant refused and invoked his privilege against self-incrimination. The State then filed a motion to grant appellant testimonial immunity. The trial court granted the motion. Appellant refused to testify. The trial court had appellant sworn as a witness and ordered appellant to testify. Appellant refused. The trial court held appellant in contempt of court and sentenced him to six months in jail and until such time as he agreed to testify. The trial court then admitted evidence offered by the State as to the title history of a car owned by appellant and valued at $1300. Randall Roessler testified for the State that he had paid appellant $1800 in cash for a lawn mower on July 29, 1991; that at the time appellant was driving a car with a trailer with at least one other lawn mower for sale, and that appellant told him that appellant had purchased the lawn mowers at an East Texas auction. Appellant's counsel simply estimated the cost of the statement of facts to be approximately $5,000. Counsel then testified that he would handle the appeal for $25,000, but admitted that a named attorney had stated that he would appeal the case for a fee of $5,000. At the conclusion of the evidence then offered, the trial court recessed the hearing until appellant agreed to testify.

Appellant filed an application for a writ of mandamus with this Court requesting that the trial court be ordered to rule on the status of appellant's indigency. On August 31, 1993, this Court ordered the trial court "to make a written finding as to whether the appellant in the instant case is or is not indigent." *Kahmann v. State*, No. 3–92–406–CR (Tex.App.—Austin 1994) (not designed for publication). On September 8, 1992, the trial court simply found that appellant "is not indigent."

■ The personal testimony of an appellant-affiant is not absolutely essential to a "prima facie" showing of indigency. *Abdnor*, 712 S.W.2d at 143. Without his own testimony, did appellant establish his burden of production and establish a "prima facie" showing of indigency by other evidence? The affidavit of indigency was filed as required by Rule 53(j)(2), but the affidavit was expressly "not offered" as evidence at the indigency hearing. Appellant relies upon the fact that the trial court took judicial notice of "what had happened at trial." Appellant calls attention to the fact that he had court-appointed counsel at trial, although the affidavit required by article 26.04(d) does not appear in the record. Tex.Code Crim.Proc.Ann. art. 26.04(d) (West 1989).

Rule 53(j)(2) is the controlling rule relative to obtaining a free statement of facts on appeal. We conclude that appellant failed to sustain his burden of production at the indigency hearing required by Rule 53(j)(2) by making a "prima facie" showing. We reject appellant's argument, that since he had court-appointed counsel at trial, the burden of showing a material change in circumstance as mentioned in article 26.04(e) rested upon the State at an indigency hearing under Rule 53(j)(2) to obtain a free statement of facts and to determine indigency at the time of appeal.

Appellant relies upon *Morey v. State*, 744 S.W.2d 668, 669 (Tex.App.—San Antonio 1988, no pet.), which held that when an appellant is represented at trial by court-appointed counsel, it is presumed, absent a contrary showing, that appellant is indigent for the purpose of appeal. *Morey* is not binding on this Court and we do not find it persuasive.[2] *Morey* makes no reference to Rule 53(j)(2) and relies solely upon *Bush v. State*, 557 S.W.2d 772, 773 (Tex.Crim.App. 1977). *Bush* was decided before the adoption of Rule 53(j)(2) and did not even mention the then extant article 40.09, section 5 of the Texas Code of Criminal Procedure[3] which also required an indigency hearing. *Bush* has been seriously eroded if not overruled sub silentio by the cases earlier discussed. Neither *Bush* nor *Morey* shifts the burden of production of evidence at an indigency hearing under Rule 53(j)(2). Appellant's reliance on *Morey* is misplaced. An appellant's right to a free statement of facts under certain conditions does not permit him to play games or manipulate the judicial system. The point of error is overruled.

The judgment is affirmed.

---

2. *Morey* is an unusual case. The conviction was reversed on other grounds. Nevertheless, the trial court was ordered to conduct another indigency hearing and then dismiss the information upon which the prosecution was based. *Morey*, 744 S.W.2d at 670.

3. Act of May 27, 1967, 60th Leg., R.S., ch. 659, § 27, 1967 Tex.Gen.Laws 1732, 1742 (Tex.Code Crim.Proc.Ann. art. 40.09, § 5, since repealed and codified as Rule 53(j)(2)). *See* Tex.Gov't Code Ann. § 22.108 (West 1988 & Supp.1994).