Albert Evans CURLIN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–92–01535–CR to 05–92–01537–CR and 05–92–01650–CR.

Court of Appeals of Texas, Dallas.

July 15, 1994.

Ross Teter, Dallas, for appellant.

Karen R. Wise, Dallas, for appellee.

Before LAGARDE, BURNETT and MALONEY, JJ.

## OPINION

LAGARDE, Justice.

Albert Evans Curlin appeals convictions for aggravated robbery, attempted capital murder, and possession of cocaine. Following plea bargain agreements, appellant pleaded guilty to the offenses alleged in the indictments. The trial court found appellant guilty, assessed fifty-year sentences in the aggravated robbery and attempted capital murder cases, and assessed a twenty-year sentence in the possession case.

Before us, incorporated by reference in appellant's brief, are appellant's timely filed motions to extend time to file the statement of facts on appeal and to compel the court reporter to prepare the statement of facts. Appellant has filed a brief containing one point of error in which he contends he is entitled to reversal of his convictions because he did not receive a free statement of facts on appeal due to no fault of his own. Appellant points out that the court reporter did not prepare and file a statement of facts from the original guilty plea hearing.[1] The State con-

---

1. In his briefs, appellant states that the court reporter filed a statement of facts from the adju-

dication hearing. However, the trial court did not defer adjudication of appellant's guilt in any

tends that appellant may not get a free statement of facts because he did not exercise due diligence in asserting his indigency. We agree.

## I. APPELLANT'S MOTIONS TO EXTEND TIME TO FILE THE STATEMENT OF FACTS AND TO COMPEL THE COURT REPORTER

██ A timely filed notice of appeal vests jurisdiction in this Court over the appeal. *Jones v. State*, 796 S.W.2d 183, 186 (Tex. Crim.App.1990); *Mims v. State*, 828 S.W.2d 775, 777 (Tex.App.—Dallas 1992, pet. ref'd). Once a criminal defendant invokes this Court's jurisdiction, he has a right to a statement of facts on appeal if he makes a timely request. *Mims*, 828 S.W.2d at 778. Appellant claims he made a timely request for a statement of facts, and the State does not challenge this claim.

██ However, a timely request alone does not entitle a defendant to a *free* statement of facts. A defendant may not get a free statement of facts absent proof of indigency. The procedure for receiving a free statement of facts is:

> Within the time prescribed for perfecting the appeal an appellant unable to pay for the statement of facts may, by motion and affidavit, move the trial court to have the statement of facts furnished without charge. After hearing the motion, if the court finds the appellant is unable to pay for or give security for the statement of facts, the court shall order the reporter to furnish the statement of facts, and when the court certifies that the statement of facts has been furnished to the appellant, the court reporter shall be paid from the general funds of the county, by the county in which the offense was committed the sum set by the trial judge.

TEX.R.APP.P. 53(j)(2). An appellant who requests a free statement of facts must: (1) exercise due diligence in asserting his indigency, including the timely filing of an affidavit, and (2) prove the indigency allegations of his affidavit at the hearing. *Snoke v. State*,

780 S.W.2d 210, 213 (Tex.Crim.App.1989); *Abdnor v. State*, 712 S.W.2d 136, 141 (Tex. Crim.App.1986). The trial court must determine appellant's indigency when appellant files his appeal, not at the time of trial. *Rosales v. State*, 748 S.W.2d 451, 455 (Tex. Crim.App.1987), *cert. denied*, 487 U.S. 1241, 108 S.Ct. 2917, 101 L.Ed.2d 949 (1988). Indigency alone, without exercising due diligence, does not sustain an appellant's claim for a free statement of facts. *Abdnor*, 712 S.W.2d at 141.

██ Appellant's notices of appeal state:

> Pursuant to *Chapter 32* [sic],[2] *Texas Civil Practice and Remedies Code*, Defendant states under penalty of perjury that he is presently incarcerated in the hereinafter named penal institution and that he is an indigent person without financial means to employ counsel or to pay any of the costs relating to the preparation of a record of trial on appeal. This Court has previously made a finding that Defendant is indigent and that adjudication of indigency has not been modified or set aside.

The record does not show that appellant took any action on his indigency claim. There is nothing in the record to indicate whether the trial court held a hearing to determine appellant's indigent status when appellant perfected his appeals. *See* TEX.R.APP.P. 53(j)(2). Appellant's indigent status at the time of his trial is irrelevant. *See Abdnor*, 712 S.W.2d at 142.

We are aware of the Texas Court of Criminal Appeals' decision in *Bush v. State* in which the court stated there is a presumption of indigency because appointed counsel represented appellant at trial. *See Bush v. State*, 557 S.W.2d 772, 773 (Tex.Crim.App. 1977). However, the court of criminal appeals decided *Bush* before the adoption of rule 53(j)(2). Under rule 53(j)(2), at the hearing, the defendant bears the initial burden to go forward with evidence to substantiate his sworn allegation of indigency. Furthermore, the court in *Bush* did not mention article 40.09, section 5 of the Texas Code of Criminal Procedure, the predecessor to rule

---

of the cases. Consequently, no such statement of facts appears in the record.

**2.** *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 132.001–.003 (Vernon Supp.1994).

53(j)(2).[3] Article 40.09, section 5, in effect when the court of criminal appeals decided *Bush,* also required an indigency hearing.

The Austin Court of Appeals, in an opinion written by former presiding Judge Onion, recently rejected the argument that because appellant had court-appointed counsel at trial, the State had the burden to show a material change in appellant's circumstances at the indigency hearing required by rule 53(j)(2). *See Kahmann v. State,* 873 S.W.2d 785, 789 (Tex.App.—Austin 1994, pet. filed). In *Kahmann,* the appellant cited *Morey v. State* in support of his position.[4] *Morey* did not refer to rule 53(j)(2) and relied solely on *Bush. Morey,* 744 S.W.2d at 669. The Austin court rejected *Morey* and *Bush,* holding that rule 53(j)(2) controls how an appellant obtains a free statement of facts on appeal. *Kahmann,* 873 S.W.2d at 789. The Austin court stated that if *Abdnor, Snoke,* and *Rosales* did not overrule *Bush,* they seriously eroded its efficacy. *Kahmann,* 873 S.W.2d at 789. We agree that *Bush* is not controlling authority in this case.

We hold that the record on appeal does not demonstrate that appellant exercised due diligence in asserting his indigency at the time of filing his appeals. Consequently, appellant is not entitled to a free statement of facts on appeal. We deny appellant's motions to extend time to file the statement of facts and motions to compel the court reporter to prepare the statement of facts.

On September 20, 1993, appellant filed his brief contending he is entitled to a reversal of his convictions because he did not receive a statement of facts on appeal due to no fault of his own. We sent appellant a notice of submission on May 16, 1994. Appellant has not filed a new brief or a supplemental brief raising any additional points of error. Accordingly, we will review the merits of his claim regarding the statement of facts.

## II. THE MERITS

As grounds for reversal, appellant argues that the court reporter's failure to prepare appellant's statement of facts is the fault of State officials and not appellant. He argues he should have a new trial under rule 50(e) of the Texas Rules of Appellate Procedure. *See* TEX.R.APP.P. 50(e).

### *Jurisdiction*

Rule 40(b)(1) of the rules of appellate procedure requires a defendant in an appeal from a plea bargain conviction to obtain the trial court's permission to appeal any matter in the case except for those matters raised by written motion and ruled on before trial. TEX.R.APP.P. 40(b)(1); *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.1994), *cert. denied,* —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim.App.1994); *Penny v. State,* 880 S.W.2d 59, 61 (Tex.App.—Dallas, no pet.) (en banc).

A general notice of appeal does not confer jurisdiction on a court of appeals to consider nonjurisdictional defects or errors that occur before or after the entry of a negotiated plea. *Lyon,* 872 S.W.2d at 736; *Davis,* 870 S.W.2d at 46; *Penny,* 880 S.W.2d at 61. A defendant's notice of appeal must comply with rule 40(b)(1) to confer jurisdiction on a court of appeals to consider nonjurisdictional defects or trial errors. *Lyon,* 872 S.W.2d at 736; *Penny,* 880 S.W.2d at 61. A general notice of appeal confers jurisdiction on a court of appeals to consider only jurisdictional issues. *Lyon,* 872 S.W.2d at 736; *Penny,* 880 S.W.2d at 61.

In this case, appellant filed general notices of appeal. The notices do not indicate that appellant obtained the trial court's permission to appeal, nor does it show the appeals are from a matter raised by written motion and ruled on before trial. Therefore, this Court may consider only jurisdictional issues. *Lyon,* 872 S.W.2d at 736; *Penny,* 880 S.W.2d

---

3. Act of May 19, 1967, 60th Leg., R.S., ch. 659, § 27, 1967 Tex. Gen. Laws 1732, 1742 (TEX.CODE CRIM.PROC.ANN. art. 40.09, § 5, since repealed and codified as rule 53(j)(2)). *See* TEX.GOV'T CODE ANN. § 22.108 (Vernon 1988 & Supp.1994).

4. *Morey v. State,* 744 S.W.2d 668 (Tex.App.—San Antonio 1988, no pet.). In *Morey,* the appellant appealed the trial court's ruling denying him a court-appointed attorney on appeal.

at 61. After a careful review of the record, we find no jurisdictional error.

▮ Alternatively, if we had jurisdiction of this issue on appeal, it is mooted by our holding in Part I of this opinion denying appellant's motions to extend time to file the statement of facts and motions to compel the court reporter to prepare the statement of facts. Furthermore, we disagree with appellant's contention that he is entitled to a new trial under rule 50(e) of the Texas Rules of Appellate Procedure. *See* TEX.R.APP.P. 50(e).

To prevail under rule 50(e), an appellant must show that he made a timely request for a statement of facts, and that the court reporter lost or destroyed the notes and records without appellant's fault. *Culton v. State,* 852 S.W.2d 512, 514 (Tex.Crim.App. 1993). Appellant has the burden to provide this Court with a record that supports his claim for relief. TEX.R.APP.P. 50(d).

Appellant does not show that the court reporter lost or destroyed the notes. He merely asserts in his brief that he exercised due diligence in requesting the court reporter to prepare the statement of facts. He claims that State officials are at fault for not completing the statement of facts. We consider only those assertions in appellant's brief supported by the record. *Vanderbilt v. State,* 629 S.W.2d 709, 717 (Tex.Crim.App. 1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982); *Rice v. State,* 789 S.W.2d 604, 607 (Tex.App.—Dallas 1990, no pet.). The record does not support appellant's claims. If we had jurisdiction of this issue on appeal, we would overrule appellant's point of error.

We dismiss the appeals for want of jurisdiction pursuant to rule 40(b)(1).