# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-99-00439-CR

**Michael Thomas, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY
### NO. 434,908, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

A jury found appellant Michael Thomas guilty of assault. *See* Tex. Penal Code Ann. § 22.01 (West Supp. 2000). The court assessed punishment at incarceration for one year and a $4000 fine, but suspended imposition of sentence and placed appellant on community supervision. We will affirm.

Appellant is represented by retained counsel, as he was at trial. Appellant did not request that a reporter's record be prepared either at his own or the State's expense. *See* Tex. R. App. P. 20.2, 34.6(b). Counsel nevertheless moved for an extension of time to file his brief, citing the absence of a reporter's record and appellant's indigence as grounds. In the interest of justice, we instructed the trial court to conduct a hearing to determine, among other things, if appellant is indigent. Following the hearing, the court concluded that appellant is not indigent now and was not

indigent at the time he gave notice of appeal.[1]  A reporter's record of the indigency hearing was prepared on our order.  In point of error two, appellant contends the court erred by finding that he is not entitled to a free reporter's record.

Appellant is an accountant employed by the State of Texas.  He testified that his net income at the time of trial was $1570 per month, and was "about the same" at the time of the hearing.  Appellant's six-year-old daughter lives with him.  Appellant's former wife is obligated to pay child support in an amount appellant did not specify.  Appellant testified that he has difficulty collecting this support, and that his former wife was over $2000 in arrears.

Appellant's apartment rent had recently been raised from $625 to $695 per month.  Appellant acknowledged that less expensive apartments are available, but expressed the opinion that they are in unsafe neighborhoods and are otherwise unsuitable for his daughter.  Appellant drives a Ford Escort for which he makes a $300 per month payment; insurance and gasoline cost an additional $130 per month.  There is no evidence as to the value of this car or the amount still owed for its purchase.  According to appellant, his other monthly expenses—including after-school child care, utilities, and groceries—exhaust his remaining take-home pay.

The record contains a letter from the court reporter to appellant's counsel estimating the cost of the record to be $1386 without jury voir dire, $1726 with voir dire.  The reporter requested a $900 deposit.  There is no evidence that appellant has sought to negotiate a payment schedule with the reporter.  Appellant testified that he could not afford to pay for the record.

Appellant has been involved in several recent court proceedings, including a civil action filed by the person appellant was convicted of assaulting in this cause.  Appellant testified that

---

[1] The hearing was held before Judge Brenda Kennedy.

he has accumulated over $7000 in legal expenses in the civil case, in which he is also represented by retained counsel. At one point, appellant testified that he had been unable to pay his attorney in the civil case, but he later said that he had paid the attorney $2300. Appellant said he has paid $1700 to the attorney representing him in this and another assault prosecution. Appellant testified that he still owes his attorneys money, but did not say how much. Appellant's attorney in the cause before us testified that he and appellant have a contract, but counsel could not remember if the contract is oral or written, the fee specified in the contract, or the amount appellant has paid him so far. Appellant posted an appeal bond.

The determination of indigency is vested in the sound discretion of the trial court. *Kahmann v. State*, 873 S.W.2d 785, 787 (Tex. App.—Austin 1994, pet. ref'd). There are no rigid standards to guide the court in making this determination, and each case must be decided on its own merits. *Id*. Given the evidence of appellant's employment and his acknowledged ability to pay at least some of his attorney's fees, and in the absence of evidence that appellant has made any effort to obtain the appellate record, the trial court's conclusion that appellant did not make a prima facie showing of indigence was not an abuse of discretion. Point of error two is overruled.

In point of error one, appellant contends he was denied his constitutional right to a speedy trial and that the court erred by overruling his pretrial motion to dismiss on that ground. *See* U.S. Const. Amend. VI; Tex. Const. art. I, § 10. Without a record of the evidence adduced at the hearing on the motion to dismiss, nothing is presented for review. Point of error one is overruled.

Finally, appellant contends the trial court denied him due process and due course of law by "directing the clerk's record be sent to the Third Court of Appeals before the timely filing of a motion for new trial, and then us[ing] the absence of the clerk's record as a pretext for not holding

3

a hearing on the motion for new trial." *See* U.S. Const. Amend. XIV; Tex. Const. art. I, § 19. The record shows that sentence was suspended on July 2, 2000. Appellant filed his notice of appeal on July 16. The clerk's record was received and filed by this Court on July 28. Appellant filed a motion for new trial on Monday, August 2. *See* Tex. R. App. P. 21.4(a). Counsel testified at the hearing below that "I was informed, upon requesting a hearing for a new trial . . . that the court no longer had jurisdiction."

There is no evidence that the trial court directed the clerk to forward the record to this Court within thirty days, much less that the court did so for the purpose of denying appellant a hearing on his motion for new trial. Moreover, there is no evidence that appellant actually delivered the motion for new trial to the trial court or otherwise brought the motion to the court's attention. *See Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998) (how motion for new trial is presented to trial court); Tex. R. App. P. 21.6.

In any event, the motion for new trial and supporting affidavits were not sufficient to entitle appellant to a hearing. The primary issue raised in the motion was the alleged denial of a speedy trial. This contention had been presented to the court in appellant's pretrial motion to dismiss, and had been overruled by the court following a hearing. Six additional grounds for a new trial were alleged in the motion without elaboration. Three of these grounds complained of the court's refusal to give defensive instructions and were determinable from the trial record. *See Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). For the same reason, no hearing was needed to rule on appellant's complaint that he was not permitted to complete his trial testimony. Another alleged ground for new trial was that a defense character witness was not allowed to testify, but the motion was not supported by an affidavit showing the substance of the unnamed witness's testimony. *See*

4

*id*. Finally, the motion for new trial alleged that the court improperly failed to grant appellant's motion for continuance to obtain a material witness. The supporting affidavits reflect that the missing witness was the arresting officer, and that appellant did not attempt to obtain his presence until after trial began. The affidavits do not summarize the officer's testimony or otherwise explain why that testimony was important to the defense. Point of error three is overruled.

The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Jones[*]

Affirmed

Filed:   January 11, 2001

Do Not Publish

---

[*]   Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).