NO. 07-04-0449-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 5, 2004


______________________________



RAFEEQ YAASEENIBNSIDDEEQ,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A15593-0408; HON. ROBERT W. KINKAID, JR., PRESIDING


_______________________________



ABATEMENT AND REMAND


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.


 Appellant Rafeeq Yaaseenibnsiddeeq appeals from an order denying his writ of
habeas corpus. The reporter's record is due in this cause. An extension of the applicable
deadline was sought by the court reporter. To justify the extension, the court reporter
represented that appellant has failed to submit a written designation for the record, failed
to pay or make arrangements to pay for the record, and has been unable to contact
appellant. Though appointed an attorney at trial, nothing of record shows that appellant
remained indigent and entitled to a free record on appeal. Kahmann v. State, 873 S.W.2d
785, 789 (Tex. App.--Austin 1994, pet. ref'd) (stating that establishing indigency at the time
of trial does not establish indigency at the time of appeal). 

 Accordingly, we now abate this appeal and remand the cause to the 64th District
Court of Hale County (trial court) for further proceedings. Upon remand, the trial court shall 
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following: 

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent; and, 

 3. whether the appellant is entitled to appointed counsel and a free appellate 

 record. 


The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings
of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed
a supplemental clerk's record containing the findings of fact and conclusions of law and all
orders it may issue as a result of its hearing on this matter, and 3) cause to be developed
a supplemental reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Should it be determined that appellant wishes to prosecute the
appeal, is indigent, and is entitled to an appointed attorney but has none, then the trial court
shall appoint counsel, unless appellant knowingly and voluntarily waives counsel. 
Furthermore, the name, address, and phone number of any counsel appointed by the trial
court to represent appellant shall be included in the supplemental record. The trial court
shall also file both supplemental records with the clerk of this court on or before November
4, 2004. Should further time be needed by the trial court to perform these tasks, then it
must be requested before November 4, 2004. 

 It is so ordered. 

 Per Curiam 

 Do not publish.