NO. 07-04-0449-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 5, 2004
_____

RAFEEQ YAASEENIBNSIDDEEQ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A15593-0408; HON. ROBERT W. KINKAID, JR., PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Appellant Rafeeq Yaaseenibnsiddeeq appeals from an order denying his writ of habeas corpus. The reporter's record is due in this cause. An extension of the applicable deadline was sought by the court reporter. To justify the extension, the court reporter represented that appellant has failed to submit a written designation for the record, failed to pay or make arrangements to pay for the record, and has been unable to contact appellant. Though appointed an attorney at trial, nothing of record shows that appellant

remained indigent and entitled to a free record on appeal. *Kahmann v. State,* 873 S.W.2d 785, 789 (Tex. App.--Austin 1994, pet. ref'd) (stating that establishing indigency at the time of trial does not establish indigency at the time of appeal).

Accordingly, we now abate this appeal and remand the cause to the 64th District Court of Hale County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent; and,

3. whether the appellant is entitled to appointed counsel and a free appellate record.

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing the findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a supplemental reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Should it be determined that appellant wishes to prosecute the appeal, is indigent, and is entitled to an appointed attorney but has none, then the trial court shall appoint counsel, unless appellant knowingly and voluntarily waives counsel. Furthermore, the name, address, and phone number of any counsel appointed by the trial court to represent appellant shall be included in the supplemental record. The trial court shall also file both supplemental records with the clerk of this court on or before November

2

4, 2004.  Should further time be needed by the trial court to perform these tasks, then it must be requested before November 4, 2004.

It is so ordered.

Per Curiam

Do not publish.