TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-04-00498-CR






Broderick Robinson, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT

NO. 2040356, HONORABLE FRED A. MOORE, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



 The issue in this case is whether the district court abused its discretion by denying a
motion seeking a free reporter's record. Appellant, Broderick Robinson, claims that the district
court's determination that he was indigent for the purpose of appointing trial counsel is sufficient
to establish his indigence for the purpose of obtaining a free reporter's record. We hold that the
defendant bears the burden of re-establishing indigency at the time of appeal even when he was
previously found to be indigent for the purpose of appointing trial counsel. There is no presumption
that satisfies this burden. We hold that the district court did not abuse its discretion by denying
Robinson's motion for a free reporter's record, and because he asserts no other error, we affirm the
judgment of conviction. 


BACKGROUND

 In February 2004, Robinson was indicted for aggravated assault with a deadly
weapon. The district court found Robinson to be indigent and appointed counsel pursuant to article
26.04 of the code of criminal procedure. See Tex. Code Crim. Proc. Ann. art. 26.04 (West Supp.
2004-05). Robinson entered a plea of not guilty and the case proceeded to trial. Pending the
outcome of the trial, Robinson remained in jail. A jury found Robinson guilty and sentenced him
to six years' imprisonment. His sentence was suspended and he was placed on community
supervision.

 Robinson timely filed his notice of appeal and a motion requesting a free reporter's
record. The district court held a hearing on the motion. Robinson neither appeared at the hearing
nor submitted an affidavit attesting to his indigence for the purpose of obtaining a free record. His
counsel submitted an affidavit stating that to the best of his knowledge there had not been any change
in Robinson's financial status since his release. The district court denied the motion and this appeal
followed. 


DISCUSSION

 In one issue, Robinson contends that the district court's denial of his motion was an
abuse of discretion. He insists that the district court should have presumed that he was indigent for
the purpose of obtaining a free reporter's record because it had previously determined that he was
indigent for the purpose of appointing trial counsel. (1)

 Indigency determinations are made on a case-by-case basis as of the time the issue
is raised and not as of some future time. Whitehead v. State, 130 S.W.3d 866, 874 (Tex. Crim. App.
2004) (quoting Gray v. Robinson, 744 S.W.2d 604, 607 (Tex. Crim. App. 1988)). Specifically, the
determination of a defendant's indigency for the purpose of obtaining a free reporter's record is to
be made at the time of appeal and not at the time of trial. Abdnor v. State, 712 S.W.2d 136, 142
(Tex. Crim. App. 1986); Kahmann v. State, 873 S.W.2d 785, 788 (Tex. App.--Austin 1994, pet.
ref'd). The court of criminal appeals has articulated a two-step process for determining whether a
defendant is indigent for the purpose of obtaining a free record on appeal: (1) the defendant must
make a prima facie showing of indigence, and (2) when the prima facie showing is made, the burden
shifts to the State to show that the defendant is in fact not indigent. Whitehead, 130 S.W.3d at 874. 
A defendant seeking a free reporter's record must timely file a motion requesting the record and an
affidavit alleging his indigence. Tex. R. App. P. 20.2; Kahmann, 873 S.W.2d at 787. At the hearing
on the motion, the defendant must put forward evidence, either through his own testimony or through
supporting documentation, to substantiate his affidavit. Whitehead, 130 S.W.3d at 874-75;
Kahmann, 873 S.W.2d at 787. We review a district court's determination of indigency for an abuse
of discretion. Newman v. State, 937 S.W.2d 1, 3 (Tex. Crim. App. 1996).

 A trial court's duty to determine indigence depends on whether the determination is
for the purpose of obtaining a free record or for obtaining free counsel. Whitehead, 130 S.W.3d at
876. A defendant is sufficiently indigent to have counsel appointed if he is "without the means to
employ counsel of [his] own choosing." Tex. Code Crim. Proc. Ann. art. 26.04(o); Whitehead, 130
S.W.3d at 878. A defendant will be considered indigent and be entitled to a free reporter's record
if he "cannot pay or give security for the appellate record." Tex. R. App. P. 20.2; Whitehead, 130
S.W.3d at 878. While both of these indigency determinations involve the consideration of many of
the same factors, it is possible for a defendant to be indigent in one context but not the other. 
Whitehead, 130 S.W.3d at 878. 

 For example, in Kahmann v. State, Howard Kahmann was determined to be indigent
and was represented by court-appointed counsel at his trial for engaging in organized criminal
activity. Kahmann, 873 S.W.2d at 787. After his conviction, he filed a motion and an affidavit of
indigency seeking a free reporter's record. Id. at 788. At the hearing on the motion, the trial court
agreed to take judicial notice of what had occurred in the case, except for the question of his
indigency at the time of the hearing and for the purpose of appeal. Id. Kahmann testified that he did
not have the means to pay for the record, but refused to answer any of the State's questions about
his financial status. Id. Subsequently, he moved to strike his own testimony regarding his inability
to pay for the record. Id. The trial court granted the request. Id. The State then offered its own
evidence regarding Kahmann's financial condition at the time of the hearing. Id. The trial court
determined that Kahmann was not indigent and denied his request for a free record. Id.

 On appeal, Kahmann argued that, even without his testimony at the hearing, he had
made a prima facie showing of indigency because (1) the trial court took judicial notice of what had
occurred at trial, and (2) he had court-appointed counsel at trial. (2) Id. We specifically rejected
Kahmann's argument, holding that a finding of indigency for the purpose of obtaining appointed trial
counsel does not alleviate a defendant's burden of establishing a prima facie showing of indigency
at the time of the hearing on his entitlement to a free record. Id. at 789.

 This case is controlled by Kahmann. Like Kahmann, Robinson was represented by
court-appointed counsel at trial. Unlike Kahmann, Robinson did not even appear at the hearing on
his motion seeking a free reporter's record; nor did he file an affidavit attesting to his inability to pay
at the time of appeal. Robinson's counsel filed an affidavit stating that counsel was unaware of any
changes in Robinson's financial situation since his release. No other evidence was offered, and on
this record the district court denied the motion.

 Now Robinson asserts that the district court abused its discretion because it
erroneously placed the burden on him to re-establish his indigence. He contends that the district
court should have presumed that he was indigent based on its previous determination of indigence
for the purpose of obtaining appointed counsel. We rejected this argument in Kahmann and we do
so here. Id. Indigence determinations for the purpose of obtaining a free reporter's record are to be
made at the time of appeal and should not be based on the prior or future financial status of the
appellant. See Whitehead, 130 S.W.3d at 874; Abdnor, 712 S.W.2d at 142. 

 Moreover, Robinson did not exercise due diligence in asserting his indigency. Due
diligence requires an appellant to timely file an affidavit attesting to his indigence at the time of
appeal. See Whitehead, 130 S.W.3d at 877; Abdnor, 712 S.W.2d at 141. The court of criminal
appeals has noted that an appellant who fails to (1) appear at the hearing, (2) explain why he did not
appear, and (3) present evidence concerning his indigency, waives any complaint about his indigency
status. Abdnor, 712 S.W.2d at 141; see also Shaw v. State, 539 S.W.2d 887, 889-90 (Tex. Crim.
App. 1976). Robinson did not (1) appear at the hearing, (2) explain to either the court or his counsel
why he failed to appear, (3) file an affidavit attesting to his indigence, or (4) present any evidence
at the hearing to substantiate his indigency claim. Thus, the district court could have denied his
motion based on his failure to exercise due diligence in asserting his indigence. Whitehead, 130
S.W.3d at 876-77 (stating that to obtain free record, defendant must exercise due diligence in
asserting his indigence and must sustain his allegations at hearing).

 Therefore, under the facts and circumstances of this case we hold that the district
court's denial of Robinson's motion was not an abuse of discretion.


CONCLUSION

 Because we hold that the district court did not abuse its discretion by denying
Robinson's motion for a free reporter's record, and because no other error is asserted, we affirm the
judgment of conviction.



 __________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed: August 18, 2005

Do Not Publish
1. The code of criminal procedure statute providing for the appointment of counsel presumes
that a defendant who is determined to be indigent by the court remains indigent for the remainder
of the proceedings in the case unless there is a material change in the defendant's financial condition. 
See Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2004-05).
2. Although it was undisputed that the trial court determined Kahmann to be indigent for the
purpose of appointing trial counsel, the record on appeal did not contain the required affidavit of
indigency or reflect a hearing on the matter. Kahmann v. State, 873 S.W.2d 785, 787 (Tex.
App.--Austin 1994, writ ref'd). All the record contained was the order appointing counsel. Id. at
788 n.1.