# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00498-CR

**Broderick Robinson, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
## NO. 2040356, HONORABLE FRED A. MOORE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The issue in this case is whether the district court abused its discretion by denying a motion seeking a free reporter's record. Appellant, Broderick Robinson, claims that the district court's determination that he was indigent for the purpose of appointing trial counsel is sufficient to establish his indigence for the purpose of obtaining a free reporter's record. We hold that the defendant bears the burden of re-establishing indigency at the time of appeal even when he was previously found to be indigent for the purpose of appointing trial counsel. There is no presumption that satisfies this burden. We hold that the district court did not abuse its discretion by denying Robinson's motion for a free reporter's record, and because he asserts no other error, we affirm the judgment of conviction.

## BACKGROUND

In February 2004, Robinson was indicted for aggravated assault with a deadly weapon. The district court found Robinson to be indigent and appointed counsel pursuant to article 26.04 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 26.04 (West Supp. 2004-05). Robinson entered a plea of not guilty and the case proceeded to trial. Pending the outcome of the trial, Robinson remained in jail. A jury found Robinson guilty and sentenced him to six years' imprisonment. His sentence was suspended and he was placed on community supervision.

Robinson timely filed his notice of appeal and a motion requesting a free reporter's record. The district court held a hearing on the motion. Robinson neither appeared at the hearing nor submitted an affidavit attesting to his indigence for the purpose of obtaining a free record. His counsel submitted an affidavit stating that to the best of his knowledge there had not been any change in Robinson's financial status since his release. The district court denied the motion and this appeal followed.

## DISCUSSION

In one issue, Robinson contends that the district court's denial of his motion was an abuse of discretion. He insists that the district court should have presumed that he was indigent for the purpose of obtaining a free reporter's record because it had previously determined that he was indigent for the purpose of appointing trial counsel.[1]

---

[1] The code of criminal procedure statute providing for the appointment of counsel presumes that a defendant who is determined to be indigent by the court remains indigent for the remainder of the proceedings in the case unless there is a material change in the defendant's financial condition. *See* Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2004-05).

Indigency determinations are made on a case-by-case basis as of the time the issue is raised and not as of some future time. *Whitehead v. State*, 130 S.W.3d 866, 874 (Tex. Crim. App. 2004) (quoting *Gray v. Robinson*, 744 S.W.2d 604, 607 (Tex. Crim. App. 1988)). Specifically, the determination of a defendant's indigency for the purpose of obtaining a free reporter's record is to be made at the time of appeal and not at the time of trial. *Abdnor v. State*, 712 S.W.2d 136, 142 (Tex. Crim. App. 1986); *Kahmann v. State*, 873 S.W.2d 785, 788 (Tex. App.—Austin 1994, pet. ref'd). The court of criminal appeals has articulated a two-step process for determining whether a defendant is indigent for the purpose of obtaining a free record on appeal: (1) the defendant must make a prima facie showing of indigence, and (2) when the prima facie showing is made, the burden shifts to the State to show that the defendant is in fact not indigent. *Whitehead*, 130 S.W.3d at 874. A defendant seeking a free reporter's record must timely file a motion requesting the record and an affidavit alleging his indigence. Tex. R. App. P. 20.2; *Kahmann*, 873 S.W.2d at 787. At the hearing on the motion, the defendant must put forward evidence, either through his own testimony or through supporting documentation, to substantiate his affidavit. *Whitehead*, 130 S.W.3d at 874-75; *Kahmann*, 873 S.W.2d at 787. We review a district court's determination of indigency for an abuse of discretion. *Newman v. State*, 937 S.W.2d 1, 3 (Tex. Crim. App. 1996).

A trial court's duty to determine indigence depends on whether the determination is for the purpose of obtaining a free record or for obtaining free counsel. *Whitehead*, 130 S.W.3d at 876. A defendant is sufficiently indigent to have counsel appointed if he is "without the means to employ counsel of [his] own choosing." Tex. Code Crim. Proc. Ann. art. 26.04(o); *Whitehead*, 130 S.W.3d at 878. A defendant will be considered indigent and be entitled to a free reporter's record if he "cannot pay or give security for the appellate record." Tex. R. App. P. 20.2; *Whitehead*, 130

3

S.W.3d at 878. While both of these indigency determinations involve the consideration of many of the same factors, it is possible for a defendant to be indigent in one context but not the other. *Whitehead*, 130 S.W.3d at 878.

For example, in *Kahmann v. State*, Howard Kahmann was determined to be indigent and was represented by court-appointed counsel at his trial for engaging in organized criminal activity. *Kahmann*, 873 S.W.2d at 787. After his conviction, he filed a motion and an affidavit of indigency seeking a free reporter's record. *Id*. at 788. At the hearing on the motion, the trial court agreed to take judicial notice of what had occurred in the case, except for the question of his indigency at the time of the hearing and for the purpose of appeal. *Id*. Kahmann testified that he did not have the means to pay for the record, but refused to answer any of the State's questions about his financial status. *Id*. Subsequently, he moved to strike his own testimony regarding his inability to pay for the record. *Id*. The trial court granted the request. *Id*. The State then offered its own evidence regarding Kahmann's financial condition at the time of the hearing. *Id*. The trial court determined that Kahmann was not indigent and denied his request for a free record. *Id*.

On appeal, Kahmann argued that, even without his testimony at the hearing, he had made a prima facie showing of indigency because (1) the trial court took judicial notice of what had occurred at trial, and (2) he had court-appointed counsel at trial.[2] *Id*. We specifically rejected Kahmann's argument, holding that a finding of indigency for the purpose of obtaining appointed trial

---

[2] Although it was undisputed that the trial court determined Kahmann to be indigent for the purpose of appointing trial counsel, the record on appeal did not contain the required affidavit of indigency or reflect a hearing on the matter. *Kahmann v. State*, 873 S.W.2d 785, 787 (Tex. App.—Austin 1994, writ ref'd). All the record contained was the order appointing counsel. *Id*. at 788 n.1.

counsel does not alleviate a defendant's burden of establishing a prima facie showing of indigency at the time of the hearing on his entitlement to a free record. *Id*. at 789.

This case is controlled by *Kahmann*. Like Kahmann, Robinson was represented by court-appointed counsel at trial. Unlike Kahmann, Robinson did not even appear at the hearing on his motion seeking a free reporter's record; nor did he file an affidavit attesting to his inability to pay at the time of appeal. Robinson's counsel filed an affidavit stating that counsel was unaware of any changes in Robinson's financial situation since his release. No other evidence was offered, and on this record the district court denied the motion.

Now Robinson asserts that the district court abused its discretion because it erroneously placed the burden on him to re-establish his indigence. He contends that the district court should have presumed that he was indigent based on its previous determination of indigence for the purpose of obtaining appointed counsel. We rejected this argument in *Kahmann* and we do so here. *Id*. Indigence determinations for the purpose of obtaining a free reporter's record are to be made at the time of appeal and should not be based on the prior or future financial status of the appellant. *See Whitehead*, 130 S.W.3d at 874; *Abdnor*, 712 S.W.2d at 142.

Moreover, Robinson did not exercise due diligence in asserting his indigency. Due diligence requires an appellant to timely file an affidavit attesting to his indigence at the time of appeal. *See Whitehead*, 130 S.W.3d at 877; *Abdnor*, 712 S.W.2d at 141. The court of criminal appeals has noted that an appellant who fails to (1) appear at the hearing, (2) explain why he did not appear, and (3) present evidence concerning his indigency, waives any complaint about his indigency status. *Abdnor*, 712 S.W.2d at 141; *see also Shaw v. State*, 539 S.W.2d 887, 889-90 (Tex. Crim. App. 1976). Robinson did not (1) appear at the hearing, (2) explain to either the court or his counsel

why he failed to appear, (3) file an affidavit attesting to his indigence, or (4) present any evidence at the hearing to substantiate his indigency claim. Thus, the district court could have denied his motion based on his failure to exercise due diligence in asserting his indigence. *Whitehead*, 130 S.W.3d at 876-77 (stating that to obtain free record, defendant must exercise due diligence in asserting his indigence and must sustain his allegations at hearing).

Therefore, under the facts and circumstances of this case we hold that the district court's denial of Robinson's motion was not an abuse of discretion.

## CONCLUSION

Because we hold that the district court did not abuse its discretion by denying Robinson's motion for a free reporter's record, and because no other error is asserted, we affirm the judgment of conviction.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed: August 18, 2005

Do Not Publish