**Keith Leon MIMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–91–01463–CR, 05–91–01464–CR and 05–91–01580–CR.**

Court of Appeals of Texas, Dallas.

March 24, 1992.

Rehearing Denied April 23, 1992.

Ross Teter, Dallas, for appellant.

Jeffery Kech, Dallas, for appellee.

Before ENOCH, C.J., and LAGARDE and BURNETT, JJ.

## OPINION

LAGARDE, Justice.

The Court has before it motions by both appellant and the State in the above-numbered causes. Appellant has filed motions for extension of time to file the record in each of the above-numbered causes in which he requests an extension of one year. As a reason for the extensions, appellant claims that the district clerk and trial court have denied his requests for both transcripts and statements of facts. In support of his motions, appellant has attached certificates signed by the trial judge stating that appellant entered a guilty plea in each case and that the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by appellant and his counsel. As the trial court notes in the certificates, the wording of the notices of appeal do not comply with the requirements of the proviso of rule 40(b)(1) of the rules of appellate

procedure. Each certificate also states that the trial court has directed the court reporter not to prepare the statement of facts and that, if this Court determines that appellant has perfected an appeal and that a statement of facts is necessary for the disposition of the appeal, the trial court will direct the court reporter to prepare a statement of facts for filing.

In addition to the motions for extension of time to file the record, appellant has filed motions for extension of time to file a brief and the briefs themselves. In the briefs, appellant argues that he is entitled to reversal of his convictions because he has been denied both the transcripts and the statements of facts due to no fault of his own.

The State has filed motions to dismiss in which it argues that, because the trial court did not give permission to appeal and because the notices of appeal do not comply with the formal requirements of the proviso of rule 40(b)(1) of the rules of appellate procedure, appellant is not entitled to appeal his convictions.[1] Appellant has filed a response in which he argues that this Court has jurisdiction, citing *Lemmons v. State*, 818 S.W.2d 58 (Tex.Crim.App.1991). The State attempts to distinguish *Lemmons*. For reasons later stated in this opinion, we agree with the State's conclusion as to the effect of *Lemmons*, but for different reasons.

In each of its motions to dismiss, the State asks in the alternative that we grant a motion to extend the time to file a brief until (1) the State's motion to dismiss is granted or (2) the papers requested by appellant have been prepared. We will address the State's requests together with appellant's requests for extension of time to file a brief.

 The filing of a notice of appeal vests jurisdiction with this Court. *Jones v. State*, 796 S.W.2d 183, 186 (Tex.Crim.App. 1990). When an appellant enters a guilty plea and the punishment assessed does not

---

**1.** Appellant construes this language as a claim by the State that this Court has no jurisdiction over the appeals.

exceed the punishment recommended by the prosecutor and agreed to by the appellant and his counsel, in order to raise non-jurisdictional issues, the notice must state that the matters were raised by pretrial motion or that the court gave permission to appeal those issues. TEX.R.APP.P. 40(b)(1). While rule 40(b)(1) may serve to limit the types of issues that can be raised in certain classes of appeals,[2] nothing in rule 40(b)(1) bars this Court's assertion of jurisdiction over the appeal itself. *Jones*, 796 S.W.2d at 186. A defendant, although possibly precluded from presenting certain issues, may not be denied his general right of appeal. *Padgett v. State*, 764 S.W.2d 239, 241 (Tex.Crim.App.1989); *see generally Homan v. Hughes*, 708 S.W.2d 449, 452 (Tex.Crim.App.1986, orig. proceeding) (general right to appeal following court proceeding to adjudication of guilt under article 42.12, section 3d(b) of the Texas Code of Criminal Procedure[3]). Because appellant timely filed notices of appeal in the above-numbered causes, this Court has jurisdiction over the appeals. As a result, we reject the trial court's legal conclusion. *See Rhem v. State*, 820 S.W.2d 946, 948 (Tex.App.—Houston [1st Dist.] 1991, no pet.). Accordingly, we deny the State's motions to dismiss the appeals.

The record on appeal shall consist of a transcript and, where necessary to the appeal, a statement of facts. TEX.R.APP.P. 50(a). Appellant claims in separate paragraphs of each motion that his requests for both a transcript and a statement of facts

have been denied. Appellant's claim concerning the transcript is not supported by any documents before this Court. In fact, the transcripts were tendered to this Court on January 22, 1992. Rule 51(c) of the rules of appellate procedure provides that, upon perfection of the appeal, the clerk of the trial court shall prepare under his hand and seal of the court the transcript and immediately transmit it to the appellate court designated by appellant. This Court is aware of the current explosion of cases on appeal and the administrative burden resulting therefrom.[4] We decline to presume that the district clerk has refused to perform his duty under rule 51(c) of the rules of appellate procedure by tendering the transcripts sixty days after they were due. As a result, we grant the motions, as far as they relate to the transcripts, only to the extent that the transcripts tendered on January 22, 1992, are ordered filed as of that date.

Each of appellant's requests for an extension of time to file the statement of facts, on the other hand, is supported by an affidavit. TEX.R.APP.P. 73(i). When an appellant, through no fault of his own, is deprived of the statement of facts, this Court may not affirm the conviction. *See Dunn v. State*, 733 S.W.2d 212, 214 (Tex.Crim.App.1987). There is no indication in the trial court's certificates that the statements of facts are not being prepared because of untimely written requests to the court reporter for the statements of facts. TEX.R.APP.P. 53(a). Absent evidence that

---

**2.** In this regard, we reject appellant's claim that *Lemmons v. State*, 818 S.W.2d 58 (Tex.Crim.App.1991), stands for the proposition that the requirements contained in the proviso of rule 40(b)(1) of the rules of appellate procedure are not procedural. *Lemmons* stands only for the proposition that the requirements of the aforementioned proviso do not apply to guilty pleas entered pursuant to a plea bargain in *misdemeanor* cases. *Lemmons* has *no* application in felony cases. However, as we discuss in the body of this opinion, a timely-filed notice of appeal that does not contain the specific language mandated in the proviso of rule 40(b)(1) is sufficient to invoke this Court's jurisdiction over the appeal.

**3.** Act of May 20, 1975, 64th Leg., R.S., ch. 231, 1975 Tex.Gen.Laws 572, *amended by* Act of June

15, 1989, 71st Leg., R.S., ch. 785, 1989 Tex.Gen. Laws 3471 (now codified at TEX.CODE CRIM.PROC. ANN. art. 42.12 § 5(b) (Vernon Supp.1992)).

**4.** In 1991, over 2100 cases were filed in this Court. This number exceeds any prior year by over 500 filings. Nearly all of the increase occurred from cases received in our Court after August 1, 1991. As of the end of February of this year, this Court has received nearly 500 new cases, approximately twice the Court's normal filings for that period. If, as we believe, this Court's experience is any reflection of the effect of an increase of this magnitude on the administrative systems of the district clerk's office, we do not find it remarkable that the transcripts were not filed in this Court until sixty days after they were due.

the statements of facts were untimely requested, we conclude that appellant has a right to a statement of facts in each case because we have concluded that the notices of appeal in the above-numbered causes vest this Court with jurisdiction over the appeals. Thus, we grant each motion for extension of time to file the statement of facts to the extent that each statement of facts shall be filed within sixty days of the date of this opinion. Given the language of the trial court's certificates, we assume that the trial court will now direct the court reporter to prepare the statements of facts.

Finally, we address appellant's briefs and motions for extension of time to file a brief. Appellant's brief in each case is due within thirty days after the record in that case is filed. TEX.R.APP.P. 74(k). Because the statements of facts are not yet filed and we have granted extensions of time to file the statements of facts, appellant's motions for extension of time to file the brief are premature. Likewise, appellant's arguments that he is entitled to reversal are, at best, premature. If a record is destroyed or if appellant is prevented through no fault of his own from obtaining a record, he may reurge these points in a written document to this Court, with service of a copy upon the State. However, given our disposition of the motions to extend, we conclude that appellant's points of error, like his motions to extend, are premature at this point. The State may file a response to appellant's December 16, 1991 brief within twenty-five days after the date the statement of facts is filed, or, if no statement of facts is filed, within twenty-five days after the date that appellant files a written document reurging his points.

### ORDER

Based on our opinion of this date, the Court makes the following rulings:

(1) The State's motion to dismiss is DENIED;

(2) Appellant's motion for extension of time to file the record is GRANTED. The transcript tendered to this Court on January 22, 1992, is ORDERED filed as of that date. The statement of facts shall be filed within sixty days of the date of this Order;

(3) Appellant's motion for extension of time to file a brief is DENIED as premature. TEX.R.APP.P. 74(k).

(4) The State's motion for extension of time to file a response to appellant's December 16, 1991 brief is GRANTED. The State shall file its response within twenty-five days after the date the statement of facts is filed, or within twenty-five days of the date that appellant files a written document reurging his points of error.