**Edward CAROTHERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–93–299 CR.**

Court of Appeals of Texas, Beaumont.

Submitted July 15, 1996.

Decided Aug. 28, 1996.

Edward Carothers, Beeville, pro se.

Tom Maness, Criminal District Attorney, Rodney D. Conerly, Assistant Criminal District Attorney, Beaumont, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

PER CURIAM.

Edward Carothers appeals a conviction of aggravated sexual assault, following a plea of guilty, a deferred probation term, and a later revocation of probation. Appellant was indicted in this case for the offense of aggravated sexual assault on the complainant, a person younger than fourteen years of age and not his spouse. The indictment alleges that appellant intentionally and knowingly caused the penetration of complainant's female sexual organ by inserting his finger. Appellant pleaded guilty; the court accepted the judicial confession of appellant and his plea and reset the case awaiting a pre-sentence investigation report.

On May 3, 1993, having reviewed the presentence investigation report, the court deferred the adjudication of guilt and placed appellant on probation for six years and assessed a fine of $750 pursuant to a plea bargain agreement.

The State filed a motion to revoke the unadjudicated probation alleging appellant violated the terms of probation. On October 29, 1993, a hearing was begun on said motion and continued on November 8, 1993, wherein appellant pleaded "untrue" to the five counts contained in the motion. The State presented two witnesses; one witness was appellant's Jefferson County probation officer and the second was appellant's Orange County probation officer. Appellant testified in his own behalf. The witnesses testified appellant failed to attend sex offender treatment program meetings, failed to follow the recommended treatment plan by not attending the support group, failed to register with the sex offender tracking program through the Beaumont Police Department, and failed to report to the Orange County probation office in violation of the court's deferred adjudication order of May 3, 1993. Appellant's testimony offered his reasons and excuses for failing to attend the various programs and failing to report as ordered.

After presentation of evidence, the trial court found counts one, two, three and five to be true and assessed punishment at fifty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court further decreed no bond would be allowed and no appeal.

Appellant's court-appointed counsel filed a brief August 5, 1994, in compliance with *High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978), and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The brief concluded there were no arguable grounds of error which could support an appeal, a conclusion with which we concur. We find appellate counsel has exercised all due diligence on behalf of his client.

Appellant's counsel notified appellant he filed a "frivolous" brief and informed him of

his right to obtain the record and file a pro se brief. Appellant's counsel filed a motion for extension of time to allow appellant to file a pro se brief. Appellant subsequently filed his pro se brief on January 31, 1996, wherein he alleged nine points of error.

None of appellant's complaints are jurisdictional. In accordance with the Court of Criminal Appeals' recent decision in *Watson v. State,* 924 S.W.2d 711 (Tex.Crim.App. 1996), this court does not have jurisdiction to consider the merits of appellant's points absent compliance with TEX.R.APP. P. 40(b)(1).[1]

TEX.R.APP. P. 40(b)(1) "requires a defendant, in an appeal from a plea-bargained conviction, to obtain the trial court's permission to appeal any matter in the case except for those matters raised by written motion and ruled on before trial." *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.), *cert. denied,* — U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994). The record reveals a plea bargain agreement was in effect at the time of appellant's plea of guilty. Appellant did not request permission of the trial judge to appeal any matter, and a review of the record does not reveal any matters raised by written motion and ruled on before trial. As noted above, at the conclusion of the hearing to revoke probation the trial judge announced "no appeal."

A general notice of appeal only confers jurisdiction on this court to address jurisdictional issues. *Lyon,* 872 S.W.2d at 736. We find no error in the proceedings below upon which appellant could arguably present a point of error which this court would have jurisdiction to entertain. Therefore, the appeal is dismissed for want of jurisdiction.

APPEAL DISMISSED.

---

**1.** Prior to *Watson, supra,* the requirements of TEX.R.APP. P. 40(b)(1) had not been applied to the decision to adjudicate guilt.