970 S.W.2d 27 (1997)
Danielle Marie WALKER, Appellant,
v.
The STATE of Texas, Appellee.
No. 05-91-01660-CR.
Court of Appeals of Texas, Dallas.
October 28, 1997.
*28 E. Brice Cunningham, E. Brice Cunningham, P.C., Dallas, for appellant.
Lorraine Raggio, Asst. Dist. Atty., Dallas, for State.
Before LAGARDE, WHITTINGTON and JAMES, JJ.

OPINION
LAGARDE, Justice.
Danielle Marie Walker appeals her conviction for unauthorized use of a motor vehicle. In a single point of error, appellant contends that her conviction must be reversed and this cause remanded for a new trial because the statement of facts from her July 26, 1985 deferred adjudication hearing was lost or destroyed through no fault of her own. For reasons that follow, we dismiss this appeal.
Appellant was indicted for the June 12, 1985 offense of unauthorized use of a motor vehicle. Appellant waived her right to a jury, pleaded guilty pursuant to a plea bargain agreement with the State, and signed a written judicial confession that tracked the language of the indictment. The trial court followed the plea bargain, deferred adjudication of guilt, and placed appellant on deferred adjudication probation for four years, subject to various conditions.
On July 31, 1986 and again on July 24, 1989, the State filed a motion to proceed with adjudication of guilt on the ground that appellant had violated the terms of her deferred adjudication probation. On May 23, 1991, appellant pleaded true to the State's allegations. On the same day, the trial court found the State's allegations true, accepted appellant's guilty plea entered on July 26, 1985, found appellant guilty, and sentenced appellant to ten years' confinement and a five hundred dollar fine.
On June 20, 1991, appellant filed a motion for new trial. On August 12, 1991, appellant timely filed a notice of appeal in which she claimed she was indigent and requested that the trial court order the court reporter to prepare a statement of facts reflecting all evidence presented in this cause.[1] On June *29 26, 1996, the official court reporter who reported the July 26, 1985 proceeding filed an affidavit with this Court stating that his notes from that proceeding had been destroyed. Appellant filed no motion to supplement the record supported by this affidavit. This Court ordered the trial court to conduct a hearing to determine whether the July 26, 1985 statement of facts was available. On October 1, 1996, the trial court held the hearing and found that the statement of facts had been destroyed through no fault of the defendant, and that the parties could not agree on a statement of facts. The trial court took judicial notice of the court reporter's June 26, 1996 affidavit. This Court adopted the trial court's October 1, 1996 findings. Appellant did not file a motion to supplement the record supported by the court reporter's affidavit. This Court has before it the live testimony of the court reporter in the statement of facts of the trial court's October 1, 1996 hearing, not because of due diligence on appellant's part, but because of this Court's own initiative.
In a single point of error, appellant argues she is entitled to a reversal of her conviction and a new trial because the statement of facts from her original plea hearing in 1985 was lost or destroyed through no fault of her own.

JURISDICTION
A defendant who is convicted on a plea of guilty and punished in accordance with a recommendation of the prosecuting attorney may complain on appeal only of those matters allowed by the trial judge or raised by written motion prior to trial. See TEX.R.APP. P. 40(b)(1) (former rules); Watson v. State, 924 S.W.2d 711, 713 (Tex.Crim. App.1996). The defendant's notice of appeal must affirmatively state that the trial court granted permission to appeal or specify that the matters appealed were raised by written motion and ruled on before trial. TEX.R.APP. P. 40(b)(1) (former rules); Curlin v. State, 881 S.W.2d 513, 516 (Tex.App.Dallas 1994, no pet.). A general notice of appeal does not confer jurisdiction on a court of appeals to consider nonjurisdictional defects or errors that occur before or after the entry of a negotiated plea. Curlin, 881 S.W.2d at 516.[2]
Rule 40(b)(1) applies to appeals from deferred adjudication orders. See Watson, 924 S.W.2d at 715. A defendant who pleads guilty in exchange for deferred adjudication probation is bound by the restrictions of rule 40(b)(1) when he is later adjudicated and sentenced. Watson, 924 S.W.2d at 714.
In our case, appellant personally agreed to the punishment recommended and assessed. The transcript contains a document styled, "Plea Bargain Agreement," signed by appellant personally. In this document, appellant agreed to plead guilty, to testify, and to be placed on four years' deferred adjudication probation. With this personal agreement to the punishment recommended and assessed, appellant must have the trial court's permission to appeal. Cf. Padgett v. State, 764 S.W.2d 239, 241 (Tex.Crim.App.1989); see also Watson, 924 S.W.2d at 714 (order of deferred adjudication is punishment; thus the restrictions of former rule 40(b)(1) apply). However, the notice *30 of appeal does not reflect that the trial judge allowed appellant to appeal, or that appellant is appealing a matter raised in a pretrial motion. Appellant does not allege a jurisdictional defect. Instead, appellant is seeking reversal based solely on the destruction of the statement of facts from her July 26, 1985 hearing. Appellant has not complied with the extra notice requirements of former rule 40(b)(1). See TEX.R.APP. P. 40(b)(1) (former rules). Because this Court does not have jurisdiction over this appeal, this appeal is dismissed.
WHITTINGTON, Justice, dissenting.
I cannot agree with the majority's conclusion that an indigent appellant who pleads guilty pursuant to a negotiated plea bargain with the State is only entitled to appeal the denial of a statement of facts if that appellant first files a specific notice of appeal. See TEX.R.APP. P. 40(b)(1) (former rules). Because I believe reviewing a statement of facts is a condition precedent to a meaningful appeal, I dissent.

BACKGROUND
Appellant was indicted for unauthorized use of a motor vehicle. On July 26, 1985, she pleaded guilty pursuant to a negotiated plea bargain with the State and was placed on four years' deferred adjudication probation.
On July 24, 1989, the State filed a motion to proceed with an adjudication of guilt, alleging appellant had violated the terms of her probation. On May 23, 1991, the State delivered a copy of the motion to appellant. That same day, the trial judge held a hearing on the motion. At the conclusion of the hearing, the trial judge found the allegations in the State's motion true, found appellant guilty of the underlying offense, and assessed punishment at ten years' confinement and a $500 fine.
Appellant filed a timely motion for new trial and notice of appeal. In her notice of appeal, she claimed she was indigent and asked the trial judge to order the court reporter to prepare a statement of facts. Appellant included a certificate of service, stating that a copy of the notice and request for statement of facts was sent to the court reporter.
When no brief was filed within the time allowed, this Court ordered the trial judge to conduct a hearing to determine why no brief had been filed and whether appellant was indigent and wanted to pursue her appeal. Pursuant to that order, the trial judge held a hearing and determined that appellant was indigent and wanted to pursue her appeal. The trial judge further found the record in the cause was incomplete because the original plea hearing had not been transcribed.
In June 1996, the court reporter who recorded the plea proceeding filed an affidavit with this Court asserting that he had made a diligent search for his notes of the July 1985 proceeding, but the notes had been destroyed. Six weeks later, appellant filed a brief asserting she had been denied a statement of facts through no fault of her own. We then ordered a hearing to determine whether the statement of facts was available. The trial judge held the hearing on October 1, 1996 and found: (1) the court reporter's notes and records from the July 26, 1985 hearing were not available; (2) the missing portion of the statement of facts had been lost or destroyed; (3) appellant was not at fault for the loss of the statement of facts; and (4) the parties could not agree on a statement of facts. On October 25, 1996, this Court adopted the trial court's findings.

JURISDICTION
In her sole point of error, appellant contends she is entitled to a new trial because the statement of facts from the July 1985 hearing has been lost or destroyed through no fault of her own. The State responds that we need not reverse on this point because appellant failed to comply with rule 50(e) by (1) making a timely request to the court reporter for the statement of facts, or (2) using due diligence to secure a complete statement of facts. The majority contends we must dismiss this appeal because we do not have jurisdiction to address appellant's complaint.[1] For the following reasons, I disagree.
*31 According to the majority, an indigent appellant who complies with all appellate requirements to obtain a record, yet is denied a statement of facts, would not be entitled to a review by this Court. The majority bases its holding on the limitations prescribed by rule 40(b)(1). While I agree that appellant is required to comply with rule 40(b)(1) unless she intends to appeal jurisdictional defects or the voluntariness of her guilty plea, I believe she must first have a record to review to determine whether any such error exists. Rather than interpret one rule of procedure in isolation as the majority has, I believe it is necessary to look at the framework of the rules as a whole.[2]
Under rule 50(a) of the rules of appellate procedure, the record on appeal consists of the transcript and, where necessary, the statement of facts. See TEX.R.APP. P. 50(a) (former rules). Under rule 50(d), the burden is on the appellant to ensure that a sufficient record is presented to show error requiring reversal. See TEX.R.APP. P. 50(d) (former rules). However, if the record or any portion of the record is lost or destroyed through no fault of the appellant, the appellant is entitled to a reversal. See TEX.R.APP. P. 50(e) (former rules). To obtain a new trial, the appellant must show (1) the court reporter's notes and records have been lost or destroyed through no fault of appellant, and (2) appellant made a timely request for the statement of facts. See TEX.R.APP. P. 50(e) (former rules); Melendez v. State, 936 S.W.2d 287, 295 (Tex.Crim.App.1996).
Rule 53 governs the statement of facts on appeal. This rule requires an appellant to make a timely request to the court reporter and file that request with the trial court clerk. See TEX.R.APP. P. 53(a) (former rules). A timely request is one made in writing on or at the time prescribed for perfecting the appeal. See TEX.R.APP. P. 53(a) (former rules). If an appellant is unable to pay for the statement of facts, she must file a motion and affidavit asserting her indigence with the trial court. TEX.R.APP. P. 53(j)(2) (former rules). Once the trial judge finds appellant indigent, rule 53 requires (1) the trial court to order the court reporter to prepare the statement of facts, and (2) the county to pay the costs. TEX.R.APP. P. 53(j)(2) (former rules).
Rule 53 does not limit the right to a statement of facts to only those appellants who file a notice of appeal that complies with rule 40(b)(1). See TEX.R.APP. P. 53 (former rules). Rather, the rule contemplates that when an appellant files a notice of appeal and a timely request for the record, she will have at her disposal a transcript and a statement of facts to review for any potential grounds of error. The intent of this rule seems obviousto prevent an indigent appellant from being denied the right to adequate review on appeal because she is unable to pay for a record. Unfortunately, the majority's opinion obliterates the intent of this rule and, at the same time, flies in the face of a previous opinion of this Court authored by the very justice authoring the majority opinion in this case. See Mims v. State, 828 S.W.2d 775 (Tex. App.Dallas 1992, pet. ref'd) (concluding defendant had right to statement of facts on appeal even though defendant pleaded guilty pursuant to negotiated plea bargain with State and filed only general notice of appeal).[3] In fact, the majority's opinion offers *32 no analysis or authority for the proposition that an appellant who enters a guilty plea must file a notice of appeal which complies with the requirements of rule 40(b)(1) before she is entitled to (1) a statement of facts on appeal, or (2) raise a point of error complaining that she has been denied a statement of facts through no fault of her own. In my view, the right to a statement of facts is a condition precedent to an appeal just as voluntariness is a condition precedent to a guilty plea. Without a complete record, the appellant has no way of determining whether the case presents appealable issues under rule 40(b)(1).
I find support for my conclusion that we have jurisdiction over this appeal in a recent opinion by the Texas Court of Criminal Appeals. See Gray, 928 S.W.2d at 561-63. In Gray, the court addressed the merits of the appellants' complaints that they were deprived of a statement of facts without mentioning, much less concluding, that rule 40(b)(1) barred the appeal. See Gray, 928 S.W.2d at 561. In that case, the court of criminal appeals addressed two opinions out of this Court. The appellants in those two cases, Gray and Hickerson, filed form notices of appeal similar to the one used in this case.[4] As in this case, both Gray and Hickerson were convicted as a result of negotiated plea bargains.[5] Like this appellant, each brought a single point of error complaining about the denial of a free statement of facts on appeal. See Gray, 928 S.W.2d at 561-62.
On original submission, this Court affirmed both convictions because the appellants had not exercised due diligence in asserting their indigency claims. Gray, 928 S.W.2d at 562. The court of criminal appeals vacated our judgment, however, and ordered that hearings be held in the trial court to determine the appellants' indigency. Gray, 928 S.W.2d at 562-63. The court of criminal appeals did not state, nor did it even suggest, that either appeal was barred on jurisdictional or procedural grounds. Gray, 928 S.W.2d at 562-63.
Like the appellants in Gray, appellant timely filed her notice of appeal under the law in effect at the time and timely requested the statement of facts from the court reporter.[6] After a hearing, the trial court found appellant indigent and ordered the court reporter to prepare a statement of facts. Thus, in seeking a free statement of facts, appellant fully complied with the rules of appellate procedure. Based on the court of criminal appeals' decision in Gray and this Court's decision in Mims, I would conclude that appellant's point of error is not jurisdictionally barred. While appellant may be limited *33 in the type of error she can bring, she should not, as the majority holds, be barred from appealing the denial of the statement of facts when, through no fault of her own, she is deprived of the very record she seeks to review. See Mims, 828 S.W.2d at 777-78 (concluding that appellant had right to statement of facts on appeal even though appellant convicted pursuant to negotiated plea and notice of appeal was general). Accordingly, I would conclude we have jurisdiction over appellant's point of error and would address her complaint on the merits.

MERITS OF APPEAL
As noted above, appellant contends we must reverse her conviction because the statement of facts from her original plea hearing was destroyed through no fault of her own. See TEX.R.APP. P. 50(e) (former rules). The State responds that appellant is not entitled to a reversal because she has not shown she made a timely request to the court reporter for the statement of facts. I disagree.
The transcript contains appellant's timely notice of appeal dated August 12, 1991, which includes a designation of record, request for the statement of facts, and a certificate of service indicating that "[t]rue and correct copies of [the designation and request for a record] were served by mail or hand delivery to [the] court reporter." Thus, the record contains evidence that appellant made a timely request for the statement of facts to the court reporter. See TEX.R.APP. P. 53(a) (former rules).
Next, the State argues that appellant failed to show (1) the court reporter's notes or records were lost or destroyed through no fault of her own, and (2) she exercised due diligence to secure the statement of facts. I disagree. Appellant timely requested the statement of facts at the time she filed her notice of appeal. When the court reporter failed to transcribe the statement of facts from the July 1985 hearing, she filed numerous motions to extend time to file the statement of facts. After this Court ordered the court reporter, Paul Bastas, to transcribe the statement of facts, Bastas filed an affidavit with the Court, stating he (1) made a diligent search for the notes of the July 26, 1985 hearing and (2) determined they had been destroyed and were not available for transcription. We then ordered a hearing to determine the accuracy of Bastas's affidavit. After a hearing, the trial judge found that the statement of facts had been lost or destroyed through no fault of appellant's. We adopted the trial court's findings by order dated October 25, 1996. Because the record contains the trial judge's findings as well as evidence that appellant timely requested the statement of facts, I would conclude the State's arguments lack merit. See Melendez, 936 S.W.2d at 295-96 (holding that timely request implicitly presupposes productive exercise in due diligence).
Accordingly, I would sustain appellant's sole point of error, reverse the trial court's judgment, and remand this cause for a new trial.
NOTES
[1] A notice of appeal must be filed within thirty days after the day the sentence is imposed; if a motion for new trial is timely filed, notice of appeal must be filed within ninety days after sentence is imposed. TEX.R.APP. P. 41(b)(1) (former rules). In this case, appellant filed a motion for new trial; therefore, her notice of appeal was timely filed within ninety days after sentencing.
[2] The dissent states that the holding in this case "flies in the face of a previous opinion of this Court authored by the very justice authoring the majority opinion in this case," citing Mims v. State, 828 S.W.2d 775 (Tex.App.Dallas 1992, pet. ref'd). Mims is distinguishable from this case. In Mims, we denied the State's presubmission motion to dismiss and granted the appellant's presubmission motion for an extension of time to file the statement of facts because the appellant's failure to comply with rule 40(b)(1) did not deprive the Court of jurisdiction over the appeal. See id. at 777-78. Since this Court issued Mims, the court of criminal appeals has determined that an appellant's failure to comply with the extra notice requirements of rule 40(b)(1) does deprive appellate courts of jurisdiction over appeals of plea-bargained cases. See Lyon v. State, 872 S.W.2d 732, 736 (Tex.Crim. App.), cert. denied, 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); Davis v. State, 870 S.W.2d 43, 46-47 (Tex.Crim.App.1994); see also Watson, 924 S.W.2d at 714-15 (extra notice of appeal requirements of rule 40(b)(1) apply to appeals following plea bargain for deferred adjudication). Accordingly, the legal rationale of our holding in Mims has been undermined by the more recent decisions of the court of criminal appeals. We conclude, therefore, that Mims is not controlling.
[1] The State did not raise this argument. With this understanding, I will address the arguments raised by the State as well as the argument raised by the majority.
[2] This case was briefed prior to the adoption of the new rules of appellate procedure and, because the parties briefed the case under the old rules, I utilize the old rules in my analysis. I would note, however, that the outcome reached would be the same even under the new rules of appellate procedure.
[3] Although the majority argues the "legal rationale" of our holding in Mims was undermined by the court of criminal appeals' opinions in Lyon v. State, 872 S.W.2d 732 (Tex.Crim.App.), cert. denied, 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994) and Davis v. State, 870 S.W.2d 43 (Tex.Crim.App.1994), I cannot agree in light of that court's more recent decision in Gray v. State, 928 S.W.2d 561 (Tex.Crim.App.1996). As discussed more fully below, the court in Gray addressed whether the appellants were entitled to a free statement of facts on appeal. The court did so despite the fact that the appellants had not filed notices of appeal complying with rule 40(b)(1). The court's decision to address on the merits whether the appellants had a right to a free statement of facts indicates to me that our earlier decision in Mims was correcta defendant who pleads guilty pursuant to a negotiated plea bargain is entitled to a statement of facts on appeal regardless of whether his notice of appeal complies with rule 40(b)(1)'s requirements. Thus, contrary to the majority's view, I do not believe the "legal rationale" of our decision in Mims has been undermined.
[4] See Hickerson v. State, 05-92-00423-CR, slip op. at 1-2, 1994 WL 263355 (Tex.App.Dallas, June 3, 1994) (op. per curiam on petition for discretionary review) (not designated for publication), rev'd, 928 S.W.2d 561 (Tex.Crim.App. 1996); Gray v. State, 05-92-01307-CR, slip op. at 1, 1994 WL 236284 (Tex.App.Dallas, June 1, 1994) (op. per curiam on petition for discretionary review) (not designated for publication), rev'd, 928 S.W.2d 561 (Tex.Crim.App.1996).
[5] Gray pleaded guilty pursuant to a negotiated plea bargain with the State in exchange for a ten-year sentence and a $500 fine. See Gray, slip op. at 1. Likewise, Hickerson pleaded guilty pursuant to a negotiated plea bargain with the State in exchange for eight years' deferred adjudication probation and a $750 fine. As in this case, Hickerson was adjudicated guilty twenty-one months after the deferral order and sentenced to five years' confinement. Although Hickerson, like appellant in this case, filed a general notice of appeal, this Court addressed his complaint on the merits. See Hickerson, slip op. at 1-2.
[6] The request for the statement of facts was timely because it was made "at or before the time prescribed for perfecting the appeal." TEX.R.APP. P. 53(a) (former rules). Under the law in effect at the time, appellant's right to appeal her conviction did not arise until May 23, 1991, the date the trial judge adjudicated guilt and sentenced appellant to ten years' confinement. See Kirby v. State, 883 S.W.2d 669, 671-72 (Tex.Crim.App. 1994). Appellant filed a timely motion for new trial on June 20, 1991. Therefore, under rule 41(b)(1), appellant had ninety days from the date the trial judge adjudicated guilt and assessed punishment (i.e., until August 21, 1991) to perfect her appeal. Likewise, under rule 53(a), appellant had until August 21, 1991 to timely request the statement of facts. Appellant requested the statement of facts on August 12, 1991. Accordingly, her request was timely. See Kirby, 883 S.W.2d at 672 (concluding that request filed following adjudication of guilt was timely because appellant's right to appeal did not arise until guilt was adjudicated).