Steve Kermit Steffey v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-265-CR

Â Â Â Â Â STEVE KERMIT STEFFEY,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 40th District Court
 Ellis County, Texas
Trial Court # 17684CR 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â We are again presented with the question: Can a criminal defendant who pleaded guilty bring
an appeal without complying with the rule of appellate procedure which gives this court
jurisdiction? We again hold that by failing to comply with the rule, the defendant has not invoked
our jurisdiction to consider this appeal and it must be dismissed.
Â Â Â Â Â Â Appellant Steve Kermit Steffey was indicted for the offense of aggravated sexual assault of
a child. See Tex. Penal Code Ann. Â§ 22.021(a)(1)(B), (2)(B) ( Vernon Supp. 1998). On June 28,
1991, appellant entered a plea of nolo contendere and accepted a plea bargain offer for ten years
of deferred adjudication probation. Pursuant to the State's plea recommendation, the court
deferred an adjudication of Steffey's guilt and placed him on probation (now community
supervision) for ten years. On January 14, 1998, the State filed a petition to revoke probation
and adjudicate guilt. Steffey pleaded ânot trueâ to alleged violations of community supervision. 
After hearing evidence of the alleged violations, the trial court determined there had been a
violation and adjudicated Steffey guilty of aggravated sexual assault of a child and sentenced him
to twenty years imprisonment and a $1000 fine. 
Â Â Â Â Â A defendant who has pleaded guilty or nolo contendere in exchange for deferred adjudication
must comply with Rule 25.2(b)(3) of the appellate rules when he seeks to appeal a subsequent
sentencing. See Watson v. State, 924 S.W.2d 711, 714 (Tex. Crim. App 1996) (applying former
appellate rule 40(b)(1) now Rule 25.2(b)(3)). Rule 25.2(b)(3) provides in pertinent part that if a
defendant seeks to appeal: 
from a judgment rendered on the defendant's plea of guilty or nolo contendere under
Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant, the notice
must: 
(A) specify that the appeal is for a jurisdictional defect; 
(B) specify that the substance of the appeal was raised by written motion and ruled
on before trial; or 
(C) state that the trial court granted permission to appeal. 

Tex. R. App. P. 25.2(b)(3). 
Â Â Â Â Â Â Steffey had pleaded nolo contendere to the original charges. After his adjudication of guilt,
Steffey filed a general notice of appeal which does not recite that the appeal is for a jurisdictional
defect; that the substance of the appeal was raised and ruled on by pretrial motion; or that the trial
court granted him permission to appeal. Thus, Steffeyâs notice of appeal does not comply with
the requirements of Rule 25.2(b)(3). 
Â Â Â Â Â Â Because Steffey's notice of appeal does not comply with these requirements, we have no
jurisdiction over this appeal. Watson, at 714. See Tressler v. State, 10-98-355-CR, (Tex.
App.âWaco delivered and filed February 24, 1999). This holding has been uniformly accepted
by the courts that have addressed this issue. See Okigbo v. State, 960 S.W.2d 923, 925 (Tex.
App.âHouston [1st Dist.] 1998, pet. ref'd ); Walter v. State, 970 S.W.2d 27, 29 (Tex.
App.âDallas 1997, no pet.); Carothers v. State, 928 S.W.2d 315, 317 (Tex. App.âBeaumont
1996, pet. ref'd)(both applying former rule 40(b)(1)). Accordingly, we dismiss this appeal for
want of jurisdiction. 

Â 
 TOM GRAY
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

BeforeÂ Â Â Chief Justice Davis,
Â Â Â Â Â Â Â Â Â Â Â Â Justice Vance, and 
Â Â Â Â Â Â Â Â Â Â Â Â Justice Gray
Dismissed
Opinion delivered and filed on April 28, 1999
Do not publish
Â 
Â 




notice of the removal of this case to federal court.  You may then wonder:Â  under what authority does the Court render
any order other than a determination that we have no jurisdiction to take some
action sought by the parties?Â  I did
too.Â  I was referred only to cases that
hold we have jurisdiction to determine our jurisdiction but no jurisdiction to
take any other action if we determine we have no jurisdiction and to other
cases that support the notion we could possibly abate a collateral matter until
an automatic bankruptcy stay in a related matter is lifted.Â  In re
McDaniel, No. 10-04-00166-CV, 2004 Tex. App. LEXIS 10114, * 8-9 (Tex. App.ÂWaco Nov. 10, 2004, order) (order abating an original proceeding
when the related matter was stayed by bankruptcy).Â  

I have found no authority that gives us
jurisdiction to render an abatement order when it is undisputed that we no
longer have jurisdiction of the case.

To the extent the Court expresses an opinion on
conditional circumstances and events that have not yet occurred, I have always
thought that was an advisory opinion; something we do not have authority to do.
Â See
Armstrong v. State, 805 S.W.2d 791, 794 (Tex. Crim. App. 1991) (the courts
are without authority to render advisory opinions).

I have been unable to determine what this order
accomplishes or why it is necessary.

I dissent. 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Â 

Dissenting opinion
delivered and filed January 19, 2005

Publish