Herbert Lee Boutte v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

Nos. 10-99-177-CR & 10-99-178-CR

     HERBERT LEE BOUTTE,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 297th District Court
Tarrant County, Texas
Trial Court Nos. 0609023D & 0609024D
                                                                                                                
   
MEMORANDUM OPINION
                                                                                                                
   
      Can a criminal defendant who plead guilty bring an appeal without complying with the
Rules of Appellate Procedure? We hold that by failing to comply with the rules, the defendant
has not invoked our jurisdiction to consider this appeal, and it must be dismissed.
      Herbert Lee Boutte was indicted for two separate offenses of aggravated assault with a
deadly weapon. See Tex. Penal Code Ann. § 22.02 (Vernon 1994). On September 17,
1996, Boutte entered a plea of guilty to both offenses and accepted a plea bargain offer for ten
years of deferred adjudication on both offenses. Pursuant to the plea bargain agreement, the
trial court deferred an adjudication of Boutte’s guilt and placed him on community supervision
for ten years. On June 3, 1998, the State filed a petition to proceed to adjudication in both
causes. On May 27, 1999, the trial court determined there had been a violation of Boutte’s
terms of community supervision and adjudicated Boutte guilty of both charges of aggravated
assault. The trial court affirmatively found the use or exhibition of a deadly weapon during
both offenses and sentenced Boutte to two years imprisonment for each with both convictions
to run concurrently.
      A defendant who has plead guilty or nolo contendere in exchange for deferred adjudication
must comply with Rule 25.2(b)(3) of the appellate rules when he seeks to appeal a subsequent
sentencing. See Watson v. State, 924 S.W.2d 711, 714 (Tex. Crim. App. 1996) (applying
former appellate rule 40(b)(1) now Rule 25.2(b)(3)). Rule 25.2(b)(3) provides in pertinent part
that if a defendant seeks to appeal: 
...from a judgment rendered on the defendant's plea of guilty or nolo contendere
under Code of Criminal Procedure article 1.15, and the punishment assessed did
not exceed the punishment recommended by the prosecutor and agreed to by the
defendant, the notice must: 
 
 (A) specify that the appeal is for a jurisdictional defect; 
 
 (B) specify that the substance of the appeal was raised by written motion and
ruled on before trial; or 
 
 (C) state that the trial court granted permission to appeal. 

Tex. R. App. P. 25.2(b)(3). 
      Boutte plead guilty to the original charges, and the punishment he received did not exceed
the punishment recommended by the State. After his adjudication of guilt, Boutte filed a
general notice of appeal in both causes, neither of which recite that the appeal is for a
jurisdictional defect; that the substance of the appeal was raised and ruled on by pretrial
motion; or that the trial court granted him permission to appeal. Thus, Boutte’s notices of
appeal do not comply with the requirements of Rule 25.2(b)(3). 
      Because Boutte’s notices of appeal do not comply with these requirements, we have no
jurisdiction over these appeals. Watson, at 714. See Tressler v. State, 986 S.W.2d 381, 382
(Tex. App.—Waco 1999, no pet.). This holding has been uniformly accepted by the courts
that have addressed this issue. See Williams v. State, 962 S.W.2d 703, 704-706 (Tex.
App.—Fort Worth 1998, no pet.); Okigbo v. State, 960 S.W.2d 923, 925 (Tex.
App.—Houston [1st Dist.] 1998, pet. ref'd); Walker v. State, 970 S.W.2d 27, 29 (Tex.
App.—Dallas 1997, no pet.); Carothers v. State, 928 S.W.2d 315, 317 (Tex. App.—Beaumont
1996, pet. ref'd). Accordingly, we dismiss Boutte’s appeals for want of jurisdiction. 
 
TOM GRAY
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and 
      Justice Gray
Dismissed
Opinion delivered and filed on February 9, 2000
Do not publish