Terrance E. Anderson v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-192-CR

     TERRANCE E. ANDERSON,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 82nd District Court
Robertson County, Texas
Trial Court # 97-12-16,295-CR
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      Once again, we are presented with the question whether a criminal defendant who pled
guilty may bring an appeal without complying with the rule of appellate procedure which gives
this Court jurisdiction. We hold that by failing to comply with the rule, the defendant has not
invoked our jurisdiction to consider this appeal, and the appeal must be dismissed.
      Terrance Anderson pled guilty to the offense of Indecency with a Child and accepted a
plea bargain offer for four years of deferred adjudication probation. Pursuant to the State's
plea recommendation, the court deferred the adjudication of Anderson's guilt and placed him
on community supervision for four years. Less than two years later, the State filed a motion to
proceed with the adjudication. Anderson pled “not true” to the alleged violations of his
community supervision. After a hearing, the trial court determined Anderson had violated his
terms of community supervision and adjudicated Anderson guilty of indecency with a child. 
The trial court then sentenced him to twenty years in prison and a $500 fine. 
      A defendant who has pled guilty or nolo contendere in exchange for deferred adjudication
must comply with Rule 25.2(b)(3) of the Rules of Appellate Procedure when he seeks to appeal
a subsequent sentencing. See Watson v. State, 924 S.W.2d 711, 714 (Tex. Crim. App. 1996)
(applying former appellate rule 40(b)(1) now Rule 25.2(b)(3)). Rule 25.2(b)(3) provides in
pertinent part that if a defendant seeks to appeal: 
from a judgment rendered on the defendant's plea of guilty or nolo contendere
under Code of Criminal Procedure article 1.15, and the punishment assessed did
not exceed the punishment recommended by the prosecutor and agreed to by the
defendant, the notice must: 
 
 (A) specify that the appeal is for a jurisdictional defect; 
 
 (B) specify that the substance of the appeal was raised by written motion and
ruled on before trial; or 
 
 (C) state that the trial court granted permission to appeal. 

Tex. R. App. P. 25.2(b)(3). 
      Anderson pled guilty to the original charges against him. After his adjudication of guilt,
Anderson filed a general notice of appeal which does not recite that the appeal is for a
jurisdictional defect; that the substance of the appeal was raised and ruled on by pretrial
motion; or that the trial court granted him permission to appeal. Thus, Anderson’s notice of
appeal does not comply with the requirements of Rule 25.2(b)(3). 
      Because Anderson's notice of appeal does not comply with these requirements, we have no
jurisdiction over this appeal. Watson, at 715. See Tressler v. State, 986 S.W.2d 381, 382
(Tex. App.—Waco 1999, no pet.). This holding has been uniformly accepted by the courts
that have addressed this issue. See Okigbo v. State, 960 S.W.2d 923, 924 (Tex.
App.—Houston [1st Dist.] 1998, pet. ref'd); Walker v. State, 970 S.W.2d 27, 29 (Tex.
App.—Dallas 1997, no pet.); Carothers v. State, 928 S.W.2d 315, 317 (Tex. App.—Beaumont
1996, pet. ref'd). Accordingly, we dismiss this appeal for want of jurisdiction. 
 
 TOM GRAY
                                                                   Justice
 
Before Chief Justice Davis,
      Justice Vance, and 
      Justice Gray
Dismissed
Opinion delivered and filed August 2, 2000
Do not publish