Clinton Kilcrease v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-241-CR

     CLINTON KILCREASE,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 77th District Court
Limestone County, Texas
Trial Court # 9678-A
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      A jury convicted Clinton Kilcrease of aggravated sexual assault. The court sentenced him to
six years’ imprisonment. Kilcrease appealed.
      Kilcrease has now filed a motion to dismiss his appeal. Rule of Appellate Procedure 42.2(a)
provides:
At any time before the appellate court's decision, the appellate court may dismiss the
appeal if the party that appealed withdraws its notice of appeal—by filing a written
withdrawal in duplicate with the appellate clerk, who must immediately send the duplicate
copy to the trial court clerk. An appellant must personally sign the written withdrawal.

Tex. R. App. P. 42.2(a).
      We have not issued a decision in this appeal. Kilcrease personally signed the motion. The
Clerk of this Court has sent a duplicate copy to the trial court clerk. See id.; McClain v. State,
17 S.W.3d 310, 311 (Tex. App.—Waco 2000, no pet.) (per curiam). Accordingly, Kilcrease’s
appeal is dismissed.

                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed
Opinion delivered and filed September 11, 2002
Do not publish
[CR25]



r a
jurisdictional defect; that the substance of the appeal was raised and ruled on by pretrial motion;
or that the trial court granted him permission to appeal. Thus, Appleton’s notice of appeal does
not comply with the requirements of Rule 25.2(b)(3).
      Because Appleton’s notice of appeal does not comply with these requirements, we have no
jurisdiction over this appeal. See Okigbo v. State, 960 S.W.2d 923, 925 (Tex. App.—Houston
[1st Dist.] 1998, pet. ref’d); Carothers v. State, 928 S.W.2d 315, 317 (Tex. App.—Beaumont
1996, pet. ref’d)(both applying former rule 40(b)(1)). Accordingly, we dismiss this appeal for
want of jurisdiction.
 
                                                                               PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Appeal dismissed
Opinion delivered and filed October 21, 1998
Do not publish