In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-558 CV


____________________



IN RE EDWARD CAROTHERS






Original Proceeding






MEMORANDUM OPINION (1)


 The relator, Edward Carothers, seeks an order that he be provided a free copy of
the record of his trial. We take judicial notice that Carothers appealed his conviction out
of the 252nd Judicial District Court of Jefferson County, Texas, in Cause No. 61720. The
relator was provided with a free record in his appeal and was represented by appointed
counsel. This Court dismissed the appeal; the Court of Criminal Appeal refused
Carothers's petition for discretionary review, and our mandate issued on May 12, 1997. 
Carothers v. State, 928 S.W.2d 315, 317 (Tex. App.- Beaumont 1996, pet. ref'd). The
Court of Criminal Appeals denied Carothers's writ of habeas corpus on September 24,
2003, in Writ No. 42,960-03. Carothers requested access to the record for the purpose
of preparing another writ of habeas corpus. See Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon Supp. 2004). 

 Carothers complains that the trial court failed to rule upon his request for a writ of
mandamus to compel the district clerk to produce the record as public information. See Tex.
Gov't Code Ann. § 552.321 (Vernon Supp. 2004). Because Carothers is confined in a
correctional facility, he is not entitled to relief under the Public Information Act. See Tex.
Gov't Code Ann. § 552.028 (Vernon Supp. 2004). 

 An indigent defendant is not entitled to a free record once he has exhausted his appeal,
absent some compelling, recognized reason. See In re Strickausen, 994 S.W.2d 936, 937
(Tex. App.-Houston [1st Dist.] 1999, orig. proceeding); Eubanks v. Mullin, 909 S.W.2d 574,
576-77 (Tex. App.- Fort Worth 1995, orig. proceeding); Escobar v. State, 880 S.W.2d 782,
784 (Tex. App.- Houston [1st Dist.] 1993, order). Carothers has not demonstrated that he
would be entitled to have the merits of a cognizable claim addressed in a subsequent writ of
habeas corpus. See Tex. Code Crim. Proc. Ann. art. 11.07, § 4 (Vernon Supp. 2004).
Furthermore, he has failed to demonstrate that the duplicate record prepared for his appeal
in 1994 still exists. See Tex. R. App. P. 51(c), 53(l) (repealed, for current rule, see Tex. R.
App. P. 34.5(g), 34.6(h)). 

 The relator has not shown that he is entitled to the relief sought. Accordingly, the
petition for writ of mandamus is denied.

 WRIT DENIED

 PER CURIAM


Opinion Delivered January 22, 2004

Before McKeithen, C.J., Burgess and Gaultney, JJ.

1. Tex. R. App. P. 47.4.