IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00052-CV

 

John Criado,

                                                                      Appellant

 v.

 

Noel H. Jaimes,

                                                                      Appellee

 

 



From the 19th District Court

McLennan County, Texas

Trial Court No. 2005-1475-1

 



nOTICE OF INTENT TO DISMISS
APPEAL










 

          We have been notified that this appeal
was successfully mediated but have not received the settlement papers or a
motion to dismiss the appeal.  We have now received a motion by the appellant’s
attorney seeking to be allowed to withdraw as counsel for the appellant.  The
motion indicates that counsel also believes the matter was settled at mediation
but that he has been unable to establish communication with his client
subsequent to the date the mediation was held.

          Mr. John Criado, you – not your
attorney Stuart Smith – have fourteen days in which to file a response to
Smith’s motion to withdraw as your counsel (1) explaining why the motion should
not be granted; and (2) why this appeal should not be dismissed for want of
prosecution.  The response to this order must be served upon Noel Jaimes’s
attorney of record, and upon Stuart Smith in accordance with the service
procedures specified in the Texas Rules of Appellate Procedure.  Tex. R. App. P. 9.5.

          Mr. John Criado, you are hereby
notified your failure to file a response to this order is an independent ground
for dismissal of your appeal.  Tex. R.
App. P. 42.3(c).  Stuart Smith’s motion to withdraw as counsel is taken
under advisement pending the response to the above-referenced response ordered
from Mr. John Criado.

 

                                                          PER
CURIAM

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

(Justice
Vance declined participation in this order)

Response
ordered

Notice
issued and filed July 12, 2006






60;In 1993, Appellant Derek Tressler pleaded guilty to aggravated sexual assault of a child and
indecency with a child. See Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon 1994), §
22.021(a)(1)(B)(i), (2)(B) (Vernon Supp. 1999). Pursuant to a plea agreement, the court placed
Tressler on deferred adjudication probation for ten years on the aggravated sexual assault charge.


 
In August 1998, the State filed a motion to adjudicate Tressler’s guilt. He pleaded true to the
allegations of the motion in a hearing on December 1, and the court adjudicated him guilty of
aggravated sexual assault and sentenced him to ten years’ imprisonment. Tressler filed a general
notice of appeal on December 8.
      An appellant who has pleaded guilty in exchange for deferred adjudication probation must
comply with appellate rule 25.2(b)(3) when he seeks to appeal a subsequent adjudication and
sentencing. See Watson v. State, 924 S.W.2d 711, 714-15 (Tex. Crim. App. 1996) (applying
former appellate rule 40(b)(1)); Tex. R. App. P. 25.2(b)(3). Tressler’s general notice of appeal
does not comply with this rule. We notified him of this defect by letter dated January 27, 1999.
See Tex. R. App. P. 25.2(d). He has not responded to our letter by filing an amended notice of
appeal in compliance with rule 25.2(b)(3).
      Because Tressler’s notice of appeal does not comply with rule 25.2(b)(3), we do not have
jurisdiction over this appeal. See Okigbo v. State, 960 S.W.2d 923, 925 (Tex. App.—Houston
[1st Dist.] 1998, pet. ref’d); Carothers v. State, 928 S.W.2d 315, 317 (Tex. App.—Beaumont
1996, pet. ref’d). Accordingly, we dismiss this appeal for want of jurisdiction.
                                                                               PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed
Opinion delivered and filed February 24, 1999
Publish