IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00155-CR

 

Ralph J. Bianchi,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the County Court

Madison County, Texas

Trial Court No. E437385

 



MEMORANDUM  Opinion










 

            Ralph Bianchi filed an appeal from a
conviction in justice court in Madison County, Texas.  

            The Clerk of this Court warned Bianchi
by letter that his appeal was subject to dismissal for want of jurisdiction
because appeals from the justice court are to be heard by the county court in a
trial de novo, that is, a new trial.  Tex.
Code Crim. Proc. Ann. art. 45.042(a), (b) (Vernon 2006); Tex. R. App. P. 44.3.  Based on a
review of the documents provided to the Court, it did not appear to the Clerk
that Bianchi’s appeal was first heard by the county court.  The Clerk further
warned Bianchi that the Court may dismiss this appeal unless, within 21 days of
the date of this letter, a response is filed showing grounds for continuing the
appeal.

            Bianchi responded to the Clerk’s
letter, acknowledging that he filed his appeal in the wrong court. 
Accordingly, this appeal is dismissed.  Tex.
R. App. P. 44.3.

 

                                                                                    TOM
GRAY

                                                                                    Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
dismissed

Opinion
delivered and filed July 11, 2007

Do
not publish

[CR25]






irmatively found the use or exhibition of a deadly weapon during
both offenses and sentenced Boutte to two years imprisonment for each with both convictions
to run concurrently.
      A defendant who has plead guilty or nolo contendere in exchange for deferred adjudication
must comply with Rule 25.2(b)(3) of the appellate rules when he seeks to appeal a subsequent
sentencing. See Watson v. State, 924 S.W.2d 711, 714 (Tex. Crim. App. 1996) (applying
former appellate rule 40(b)(1) now Rule 25.2(b)(3)). Rule 25.2(b)(3) provides in pertinent part
that if a defendant seeks to appeal: 
...from a judgment rendered on the defendant's plea of guilty or nolo contendere
under Code of Criminal Procedure article 1.15, and the punishment assessed did
not exceed the punishment recommended by the prosecutor and agreed to by the
defendant, the notice must: 
 
 (A) specify that the appeal is for a jurisdictional defect; 
 
 (B) specify that the substance of the appeal was raised by written motion and
ruled on before trial; or 
 
 (C) state that the trial court granted permission to appeal. 

Tex. R. App. P. 25.2(b)(3). 
      Boutte plead guilty to the original charges, and the punishment he received did not exceed
the punishment recommended by the State. After his adjudication of guilt, Boutte filed a
general notice of appeal in both causes, neither of which recite that the appeal is for a
jurisdictional defect; that the substance of the appeal was raised and ruled on by pretrial
motion; or that the trial court granted him permission to appeal. Thus, Boutte’s notices of
appeal do not comply with the requirements of Rule 25.2(b)(3). 
      Because Boutte’s notices of appeal do not comply with these requirements, we have no
jurisdiction over these appeals. Watson, at 714. See Tressler v. State, 986 S.W.2d 381, 382
(Tex. App.—Waco 1999, no pet.). This holding has been uniformly accepted by the courts
that have addressed this issue. See Williams v. State, 962 S.W.2d 703, 704-706 (Tex.
App.—Fort Worth 1998, no pet.); Okigbo v. State, 960 S.W.2d 923, 925 (Tex.
App.—Houston [1st Dist.] 1998, pet. ref'd); Walker v. State, 970 S.W.2d 27, 29 (Tex.
App.—Dallas 1997, no pet.); Carothers v. State, 928 S.W.2d 315, 317 (Tex. App.—Beaumont
1996, pet. ref'd). Accordingly, we dismiss Boutte’s appeals for want of jurisdiction. 
 
TOM GRAY
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and 
      Justice Gray
Dismissed
Opinion delivered and filed on February 9, 2000
Do not publish